IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| TIARA ROBINSON, | ) |
| as next friend and natural mother of | ) |
| CATARA ROBINSON; | ) |
| TIRARA ROBINSON, Individually; and | ) |
| ORLANDUS ROBINSON, Individually | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NEWELL RUBBERMAID f/k/a | ) |
| KIRSCH, INC. | ) |
| | ) |
| SERVE:    Corporation Service Co. | ) |
|              40 Technology Parkway | ) |
|              South | ) |
|              Norcross, GA 30092 | ) |
| | ) |
| J.C. PENNY COMPANY, INC. | ) |
| | ) |
| SERVE:    CT Corp System | ) |
|              350 N. St. Paul St. | ) |
|              Dallas, TX 75201 | ) |
| | ) |
| COLDWELL BANKER GUNDAKER | ) |
| | ) |
| SERVE:    James Dohr | ) |
|              President | ) |
|              Coldwell Banker Gundaker | ) |
|              2458 Old Dorsett Road | ) |
|              Suite 300 | ) |
|              St. Louis, Missouri 63043 | ) |
| | ) |
| And | ) |
| | ) |
| MELLISSA HARRIS | ) |
| SERVE AT:  2402 N. Highway 67 | ) |
|                St. Louis, MO 63033 | ) |
| | ) |
|     Defendants. | ) |

**PETITION**

10SL-CC01269

2

2010 NOV 22 PM 1:21

RECEIVED
CIRCUIT COURT
OF
ST. LOUIS
COUNTY


EXHIBIT
B

COMES NOW Plaintiff, Tiara Robinson, as next friend and natural mother of Catara Robinson, Tiara Robinson, Individually, and Orlandus Robinson, Individually, ("Plaintiffs") by and through their counsel Onder, Shelton, O'Leary & Peterson, LLC and for her cause of action against Defendant Newell Rubbermaid f/k/a Kirsch, Inc. (hereinafter "Newell"), Defendant J.C. Penny Co. (hereinafter JC Penny), Defendant Coldwell Banker Gundaker (hereinafter "CBG") and Defendant Melissa Harris, each of them, states to the Court as follows:

## GENERAL ALLEGATION

1.      Plaintiffs Tiara Robinson, as duly appointed next friend and natural mother of Catara Robinson, a minor; and Orlandus Robinson are residents and citizens of St. Louis County, Missouri. Catara Robinson, a minor, is and was at all times pertinent hereto a resident of St. Louis County.

2.      The incident which is the basis of this Petition occurred in St. Louis County, Missouri.

3.      Defendant Newell is a foreign corporation with its principal place of business in Georgia and is doing business in the State of Missouri.

4.      Defendant JC Penny is a foreign corporation with its principal place of business in Texas and is doing business in the State of Missouri.

5.      Defendant CBG is a foreign corporation authorized to do business in the State of Missouri. Further, CBG's principal place of business is located at 2458 Old Dorsett Road, Suite 300, St. Louis, Missouri 63043. Defendant CBG is a "local defendant" for purposes of Removal and Diversity Jurisdiction.

6.     Defendant Melissa Harris was and is a Missouri resident and was the real estate agent for Defendant CBG out of its office located at 2402 N. Highway 67, St. Louis, Missouri 63033, and was the agent for the sale of the property located at 1541 Bayonne, St. Louis, Missouri 63138, which was purchased for the benefit of and with the understanding it would be occupied by the Robinson Family.  As a Missouri resident, Defendant Harris is a "local defendant" for purposes of Removal and Diversity Jurisdiction.

7.     Defendants Harris and CBG were responsible for assisting the purchaser and prospective occupant that the home sold to the Robinson family would be evaluated for problems and free of defects which could pose problems and/or hazards, including the defective window covering, and consult with the buyer regarding the need for a pre-sale home inspection and the evaluation of quality and safety issues.

8.     On or about July 7, 2009, while in her home at 1541 Bayonne, St. Louis, Missouri, Catara Robinson became entangled on the inner cord of a window covering, causing her to suffer catastrophic brain injury, cerebral palsy, and spastic quadriplegia among other serious and permanent injuries.

9.     Defendant Newell designed, fabricated, assembled, manufactured, distributed, marketed and sold and/or placed in the stream of commerce a defective window covering which was installed in the home prior to the purchased by the Robinson family and, unknown to Plaintiffs, said window covering was defective and not fit for its reasonably intended use.

3

### COUNT I – Strict Liability

**Newell Rubbermaid f/k/a Kirsch, Inc. and J.C. Penny Co.**

Comes now Plaintiffs and for their allegations against Newell Rubbermaid f/k/a Kirsch, Inc and J.C. Penny Co. state to the Court as follows:

10.  Plaintiff incorporates each and every allegation of the general allegations as if fully set forth herein.

11.  At all relevant times hereto, Newell and /or JC Penny was actively engaged in the business of designing, manufacturing, fabricating, assembling, distributing, marketing and selling window coverings, including the subject window covering which caused the serious brain injury to Catara Robinson, a minor.

12.  Newell and or JC Penny designed, manufactured, fabricated, assembled, distributed, marketed and/or retailed the corded window covering product referenced in this Petition for the purposes of placing it into the stream of commerce and marketing it to the consuming public, including Plaintiffs.

13.  The corded window covering product referenced in this Petition was unreasonably dangerous and defective in one or more of the following respects:

> a.  The window covering did not have proper warnings and/or warnings permanently affixed to the blind and/or information on or with the window covering properly warning of the strangulation hazards associated with the product;
>
> b.  The product had a pull cord and lift cords with exposed cord lengths in excess of 7 1/4 inches which posed an unreasonable risk of strangulation;
>
> c.  The window covering did not have a lift system that would eliminate cords and/or the risk of strangulation;

4

d. The window covering did not have adequate safety devices to reduce access to and/or eliminate loops and/or cord hazards of the window covering;

e. The window covering system contained cords not necessary for the operation of the product.

f. The product failed to contain inner cord strips or cord cleats so as to reduce access or eliminate loop formation.

g. The product was sold without adequate consideration or warning regarding the suitability of a product for use in houses with small children.

14. At all pertinent times hereto, the window covering was used in a manner reasonably anticipated by Defendants.

15. The window covering and its products were expected to and did reach the user without substantial change in the condition in which they were distributed and/or manufactured.

16. Newell anticipated or could reasonably foresee Catara Robinson's use and/or contact with the window covering at the time the window covering left their possession.

17. The danger posed by the defective condition of the window covering and its component parts were not readily discernable by the ordinary user, including Catara Robinson.

18. The window covering was not materially altered.

19. Newell knew or should have known that the users of the window coverings, such as Catara Robinson, would not realize the dangerous condition of the blind.

20. Plaintiff and Catara Robinson, a minor, could not have reasonable discovered and did not discover the defects of the window covering through the exercise of reasonable care.

21. The defects and/or defective condition of the window covering and its component parts were the proximate cause of Catara Robinson's catastrophic brain injury, cerebral palsy,

5

  
and spastic quadriplegia among other serious and permanent injuries and damages.

22.    As a direct and proximate result of the conduct of these Defendants, Plaintiff has incurred medical expenses in excess of $200,000.00 and will continue to incur medical and life care expenses into the future in an amount presently undetermined but reasonably expected to exceed several millions of dollars.

WHEREFORE, Plaintiff prays for judgment against Defendants, each of them, in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief as the Court deems just and proper.

## COUNT II – Negligence

### Newell Rubbermaid d/b/a Kirsch, Inc. and J.C. Penny Co.

Comes now Plaintiffs and for their allegations against Newell Rubbermaid f/k/a Kirsch, Inc and J.C. Penny Co. state to the Court as follows:

23.    Plaintiff incorporates each and every allegation of the General Allegations as if fully set forth herein.

24.    At all relevant times to the Petition, Defendant owed to the general public, including Catara Robinson, the duty to design and manufacture and distribute and sell window coverings that were not defective and/or unreasonably dangerous to use.

25.    On or about July 7, 2009, Catara Robinson, a minor, was in her home on 1541 Bayonne, St. Louis, Missouri when she became entangled in a loop contained in a window covering from Newell Rubbermaid and manufactured and distributed by Newell Rubbermaid.

26.    A defective window covering was installed in the home of Catara Robinson; said defective window covering was sold without adequate warnings and without being equipped with

6

adequate and/or appropriate safety devices and/or retrofitted to ensure that said window covering

was equipped with the appropriate safety devices, so as to eliminate the strangulation hazard

presented by the defective window covering.

27.     Defendants Newell and/or JC Penny failed to use ordinary care in the design,

fabrication, manufacture, assembly, testing, labeling, distributing, marketing and retailing of the

window covering and its component parts so as not to injure or kill its users, including Catara

Robinson, in one or more of the following respects:

> a.     Defendants were negligent in allowing the product to be sold without safety devices and/or mechanisms to prevent the possibility of strangulation;
>
> b.     Defendants were negligent in allowing the product to contain cords capable of forming an exposed loop in excess of 7 1/4 inches which pose an unreasonable risk of strangulation;
>
> c.     Defendants negligently failed to include proper warnings permanently affixed to the window covering and/or failed to provide adequate information regarding the possible strangulation hazards associated with the product and/or the fact that the product in question was unsafe for use in homes where small children might be present;
>
> d.     Defendants negligently failed to utilize a lift cord system that would eliminate cords and/or the risk of strangulation;
>
> e.     Defendants failed to take adequate measures to redesign its product to avoid the risk of strangulation;
>
> f.     Defendants negligently failed to modify, retrofit and/or adequately recall a known defective product sold by it, having undertaken to do so;
>
> g.     Defendants' product was negligently manufactured and sold in a condition such that it failed to perform safely as an ordinary consumer would expect when the product was used in a reasonably foreseeable manner; and
>
> h.     Defendants failed to consult as to the product most suitable for their application and failed to consult regarding alternate feasible designs and

cordless alternatives, and failed to advise that the product in question was unsafe in a home where children would be present, and failed to stock appropriate cordless alternatives.

28.    The negligent conduct of Defendants directly and proximately caused the injury of Catara Robinson, a minor.

29.    The window covering was not materially altered and/or modified prior to the accident.

30.    As a direct and proximate result of the conduct of these Defendants, Plaintiff has incurred medical expenses in excess of $200,000.00 and will continue to incur medical and life care expenses into the future in an amount presently undetermined but reasonably expected to exceed several millions of dollars.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief as the Court deems just and proper.

### COUNT III – Failure to Warn

### Newell Rubbermaid f/k/a Kirsch, Inc. and J.C. Penny Co.

Comes now Plaintiffs and for their allegations against Newell Rubbermaid f/k/a Kirsch, Inc and J.C. Penny Co. state to the Court as follows:

31.    Plaintiff incorporates each and every allegation of the General Allegations as if fully set forth herein.

32.    The window covering was further rendered unreasonably dangerous and defective owing to a lack of an adequate and permanent warning was not provided to consumers when the window covering left the control of Defendants, each of them.

8

33.     The window covering failed to contain adequate instructions or warnings concerning the safe methods of installation and use and/or an adequate warning of the danger as referenced herein.

34.     At all pertinent times hereto, the window covering was used in a manner reasonably anticipated by Defendant.

35.     As a direct and proximate result of the conduct of Newell, Catara Robinson sustained brain damage.

36.     As a direct and proximate result of the conduct of these Defendants, Plaintiff has incurred medical expenses in excess of $200,000.00 and will continue to incur medical expenses into the future in an amount presently undetermined.

37.     Defendants are liable for their failure to warn, the ensuing injury of Catara Robinson and the damages sustained by Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief as the Court deems just and proper.

### COUNT IV – Negligence
### Coldwell Banker Gundaker and Mellissa Harris

COMES NOW Plaintiff and for her allegations against Coldwell Banker Gundaker and Mellissa Harris state to the Court as follows:

38.     Plaintiff incorporates each and every allegation of the General Allegations as if fully set forth herein.

39.     At all relevant times hereto, Defendants Coldwell Banker Gundaker and Mellissa Harris owed to the Robinson family the duty to comply with the standard of care of realtors in St. Louis,

9

Missouri area and failed to do so. On or about January 20, 2009, the Robinson family purchased the

home at 1541 Bayonne, St. Louis, Missouri. Coldwell Banker Gundaker and Mellissa Harris were the

real estate agents for this transaction.

     40.    At the time of the sale, defective window coverings were in the home.

     41.    Defendants Coldwell Banker Gundaker and Mellissa Harris failed to use ordinary care in

the sale of the home to ensure that the home was evaluated for problems and defects, including defective

products such as the window coverings which are the subject of this lawsuit and could pose a problem

and or safety hazards.

     42.    Defendants were negligent in one or more of the following respects:

        a.    Defendants failed to provide and/or recommend an adequate home inspection;

        b.    Defendants failed to make reasonable recommendations such that defects and
            recalled products could be identified, including the defective window coverings
            which are the subject of this lawsuit;

        c.    Defendants failed to warn about the strangulation hazard associated with the
            defective window covering products in the home about which Defendants knew or
            should have known;

        d.    Defendants, using ordinary care, knew or should have known of the defective
            nature of the window coverings, yet failed to advise of such unknown dangers and
            conditions; and

        e.    Defendants failed to comply with the standard of industry of realtors in the State of
            Missouri as it relates to the inspection or identification of defects and safety
            hazards.

     43.    The negligent conduct of Defendants proximately caused the injuries to Catara Robinson,

a minor.

     44.    The defects and/or defective condition of the window covering and its component parts

were the proximate cause of Catara Robinson's catastrophic brain injury, cerebral palsy, and spastic

quadriplegia among other serious and permanent injuries and damages.

45. As a direct and proximate result of the conduct of these Defendants, Plaintiff has incurred medical expenses in excess of $200,000.00 and will continue to incur medical and life care expenses into the future in an amount presently undetermined but reasonably expected to exceed several millions of dollars.

WHEREFORE, Plaintiffs pray for judgment against Defendants in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended and for such further relief as the Court deems just and proper.

ONDER, SHELTON, O''LEARY & PETERSON, LLC

James G. Onder      #38049
James T. Corrigan    #45127
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile

Attorneys for Plaintiff

11

STATE OF MISSOURI     )
                              ) SS
COUNTY OF ST. LOUIS   )

RECEIVED
CIRCUIT ......
ST. LOUIS ......

2010 JUN -3 PM 4: 38

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

JOAN M. GILMER
CIRCUIT CLERK

TIARA ROBINSON, as next friend and   )
natural mother of CATARA ROBINSON,  )
TIARA ROBINSON, individually and    )
ORLANDUS ROBINSON, individually,   )
                              )
       Plaintiffs,          )
                              )    Cause No:    10SL-C01269
vs.                          )
                              )    Division No:   2
NEWELL RUBBERMAID         )
f/k/a KIRSCH, INC.,            )
J.C. PENNEY COMPANY, INC.,     )
COLDWELL BANKER GUNDAKER,   )
and MELISSA HARRIS,         )
                              )
       Defendants.      )

<u>ENTRY OF APPEARANCE</u>

Come now James E. Whaley, John P. Rahoy, and Brown & James, P.C. and enter their

appearance as attorneys for Defendant J.C. Penney Corporation, Inc. (improperly pleaded as

J.C. Penney Company, Inc.)

                                      _____
                                      James E. Whaley  #20780
                                      John P. Rahoy  #41896
                                      BROWN & JAMES, P.C.
                                      Attorneys for Defendant
                                      J.C. Penney Corporation, Inc.
           (improperly pleaded as J.C. Penney Company, Inc.)
                                  1010 Market Street, 20th Floor
                               St. Louis, Missouri  63101-2000
                                      (314) 421-3400
                                    (314) 421-3128 (Fax)
                                    jwhaley@bjpc.com
                                    jrahoy@bjpc.com

A copy of the foregoing mailed this ___ day of June 2010, to: Mr. James G. Onder and Mr. James T. Corrigan, Onder, Shelton, O'Leary & Peterson, LLC, Attorneys for Plaintiffs, 110 E. Lockwood, 2nd Floor, St. Louis, MO 63119.

jrl
6/1/10
8602565

2

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TIARA ROBINSON, as Next Friend and )
Natural Mother of CATARA ROBINSON; )
TIARA ROBINSON, Individually, and )
ORLANDUS ROBINSON, Individually, )
                                        )      Cause No. 10SL-CC01269
     Plaintiffs, )
                                          )      Division No. 2
vs. )
                                          )
NEWELL RUBBERMAID, f/k/a )
KIRSCH, INC., J.C. PENNEY CO., INC., )
COLDWELL BANKER GUNDAKER, )
And MELISSA HARRIS, )
                                          )
     Defendants. )

## ENTRY OF APPEARANCE AND REQUEST FOR
## ADDITIONAL TIME TO FILE RESPONSIVE PLEADING

       Kevin L. Fritz, Patrick E. Foppe and Lashly & Baer, P.C. hereby enter their appearance

on behalf of Defendant Coldwell Banker Gundaker.   Defendant respectfully requests an

additional thirty (30) days to file its responsive pleading.

                                                                                                               

Kevin L. Fritz       #41638
Patrick E. Foppe    #57124
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
klfritz@lashlybaer.com
pfoppe@lashlybaer.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE .

The undersigned certifies that a copy of the foregoing was sent by prepaid first-class mail on the 2nd day of June, 2010, to:  James G. Onder, James T. Corrigan, Onder, Shelton, O'Leary & Peterson, LLC, 110 E. Lockwood, 2nd Floor, St. Louis, MO  63119, Attorneys for Plaintiffs; and John Rahoy, Brown & James, PC, 1010 Market Street, 20th Floor, St. Louis, MO  63101, Attorneys for Defendant J.C. Penney Co., Inc.

STATE OF MISSOURI          )
                           ) SS
COUNTY OF ST. LOUIS        )

RECEIVED &
CIRCUIT COURT OF
ST. LOUIS COUNTY

2010 JUN 14  PM 4: 17

JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

TIARA ROBINSON, as next friend and        )
natural mother of CATARA ROBINSON,        )
TIARA ROBINSON, individually and          )
ORLANDUS ROBINSON, individually,          )
                                          )
              Plaintiffs,                 )
                                          )        Cause No:    10SL-C01269
vs.                                       )
                                          )        Division No:    2
NEWELL RUBBERMAID                         )
f/k/a KIRSCH, INC.,                       )
J.C. PENNEY COMPANY, INC.,                )
COLDWELL BANKER GUNDAKER,                 )
and MELISSA HARRIS,                       )
                                          )
              Defendants.                 )

## DEFENDANT J.C. PENNEY CORPORATION, INC.'S
## (IMPROPERLY IDENTIFIED AS J.C. PENNEY COMPANY, INC.)
## MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Comes now Defendant J.C. Penney Corporation, Inc. (improperly identified as J.C.

Penny Company, Inc.) and for its Motion to Dismiss or in the Alternative for More Definite

Statement state as follows:

1.    Plaintiffs have filed a multiple count Petition against several Defendants.

2.    In their Petition, Plaintiffs assert that both Defendant Newell Rubbermaid and

J.C. Penney Corporation, Inc. (improperly identified as J.C. Penny Company, Inc.) designed,

manufactured, fabricated, assembled, distributed, marketed and/or retailed the corded window

covering at issue.

3.    However, Plaintiffs' attorney knows but failed to identify which Defendant was

responsible for the design, manufacture, fabrication, assembly, distribution, marketing and/or

sale of said product.

4.      As a result, Plaintiffs are required to identify which Defendant is responsible for which act and said claims should be separated into separate counts.

5.      As the Petition is worded, this Defendant is unable to properly prepare a defense due to the identical claims made against each Defendant in the same Counts, being Counts I through III.

6.      Thus, Defendant is entitled to a more definite petition or a dismissal of the Petition.

WHEREFORE, Defendant J.C. Penney Corporation, Inc. (improperly identified as J.C. Penny Company, Inc.) pray this Court to grant its Motion to Dismiss or in the Alternative for More Definite Statement, and for any further relief this Court deems fair and just.


_____
James E. Whaley  #20780
John P. Rahoy #41896
BROWN & JAMES, P.C.
Attorneys for Defendant
J.C. Penney Corporation, Inc.
(improperly pleaded as J.C. Penney Company, Inc.)
1010 Market Street, 20th Floor
St. Louis, Missouri  63101-2000
(314) 421-3400
(314) 421-3128 (Fax)
jwhaley@bjpc.com
jrahoy@bjpc.com


A copy of the foregoing mailed this __14__ day of June 2010, to: Mr. James G. Onder and Mr. James T. Corrigan, Onder, Shelton, O'Leary & Peterson, LLC, Attorneys for Plaintiffs, 110 E. Lockwood, 2nd Floor, St. Louis, MO 63119.

_____

jrl
6/14/10
8601092

STATE OF MISSOURI   )
                              ) SS

COUNTY OF ST. LOUIS   )

RECEIVED AND FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2010 JUN 23 PM 1:48

JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

TIARA ROBINSON, as next friend and   )
natural mother of CATARA ROBINSON,   )
TIARA ROBINSON, individually and   )
ORLANDUS ROBINSON, individually,   )
                                )
        Plaintiffs,   )
                                )      Cause No:    10SL-C01269
vs.   )
                                )      Division No:   2
NEWELL RUBBERMAID   )
f/k/a KIRSCH, INC.,   )
J.C. PENNEY COMPANY, INC.,   )
COLDWELL BANKER GUNDAKER,   )
and MELISSA HARRIS,   )
                                )
        Defendants.   )

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT Defendant J.C. Penney Corporation, Inc. will call

up for hearing its Motion to Dismiss or in the Alternative for More Definite Statement in

Division 2 of the Circuit Court of the County of St. Louis on the 28th day of July, 2010, at

8:30 a.m. or as soon thereafter as counsel may be heard.

James E. Whaley  #20780
John P. Rahoy #41896
BROWN & JAMES, P.C.
Attorneys for Defendant
J.C. Penney Corporation, Inc.
(improperly pleaded as J.C. Penney Company, Inc.)
1010 Market Street, 20th Floor
St. Louis, Missouri  63101-2000
(314) 421-3400
(314) 421-3128 (Fax)
jwhaley@bjpc.com
jrahoy@bjpc.com

A copy of the foregoing mailed this 23rd day of June, 2010, to: Mr. James G. Onder and Mr. James T. Corrigan, Onder, Shelton, O'Leary & Peterson, LLC, Attorneys for Plaintiffs, 110 E. Lockwood, 2nd Floor, St. Louis, MO 63119 and Mr. Kevin L. Fritz and Patrick E. Foppe, Lashly & Baer, P.C., Attorneys for Defendant Coldwell Banker Gundaker, 714 Locust Street, St. Louis, MO 63101.

KSD
6/23/10
8613496