UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIARA ROBINSON, as next friend and )
natural mother of C.R. ROBINSON, )
TIARA ROBINSON, individually and )
ORLANDUS ROBINSON, individually, )
)
)
Plaintiffs, )
)
vs. ) Cause No:   4:10-CV-01176 JCH
)
NEWELL WINDOW FURNISHINGS, INC. )
and J.C. PENNEY CORPORATION, INC., )
)
Defendants. )

**SEPARATE ANSWER AND RESPONSE OF DEFENDANT
J.C. PENNEY CORPORATION, INC. TO PLAINTIFFS' AMENDED COMPLAINT**

Comes now Defendant J.C. Penney Corporation, Inc. and for its Separate Answer and Response to Plaintiffs' Amended Complaint, states as follows:

GENERAL ALLEGATIONS

1.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of the General Allegations of Plaintiffs' Amended Complaint and, therefore, denies the same.

2.      Defendant denies that any incident occurred that is contained in Plaintiffs' Amended Complaint which forms the basis of any lawsuit. Defendant is without sufficient information to admit or deny if the incident at issue occurred in St. Louis County and, therefore, denies the same.

3.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of the General Allegations of Plaintiffs' Amended Complaint and, therefore, denies the same.

4.      Defendant admits the allegations contained in paragraph 4 of the General Allegations of Plaintiffs' Amended Complaint.

5.   Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of the General Allegations of Plaintiffs' Amended Complaint and, therefore, denies the same.

6.   As to this Defendant, Defendant denies the allegations of paragraph 6 of Plaintiffs' Amended Complaint. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of the General Allegations of Plaintiffs' Amended Complaint as to the remaining Defendants and, therefore, denies the same.

COUNT I

7.   Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 6 as if set forth fully herein in response to paragraph 7 of Count I of Plaintiffs' Amended Complaint.

8-19.   This Defendant makes no Answer to the allegations contained in paragraphs 8 through 19 of Count I of Plaintiffs' Amended Complaint for the reason that said Count is directed against Defendant Newell Window Furnishings, Inc. against whom judgment is prayed and no judgment is prayed against this Defendant in Count I; however, should it be construed that any of the allegations in Count I are directed against this Defendant, J. C. Penney Corporation, Inc., then this Defendant denies each and every one of those allegations.

COUNT II

20.   Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 19 as if set forth fully herein in response to paragraph 20 of Count II of Plaintiffs' Amended Complaint.

21.   Defendant denies the allegations contained in paragraph 21 of Count II of Plaintiffs' Amended Complaint

22.   Defendant denies the allegations contained in paragraph 22 of Count II of Plaintiffs' Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 and subparts thereto of Count II of Plaintiffs' Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Count II of Plaintiffs' Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Count II of Plaintiffs' Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Count II of Plaintiffs' Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Count II of Plaintiffs' Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Count II of Plaintiffs' Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Count II of Plaintiffs' Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Count II of Plaintiffs' Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Count II of Plaintiffs' Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Count II of Plaintiffs' Amended Complaint.

## COUNT III

33. Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 32 as if set forth fully herein in response to paragraph 33 of Count III of Plaintiffs' Amended Complaint.

34-40. This Defendant makes no Answer to the allegations contained in paragraphs 34 through 40 of Count III of Plaintiffs' Amended Complaint for the reason that

said Count is directed against Defendant Newell Window Furnishings, Inc. against whom judgment is prayed and no judgment is prayed against this Defendant in Count III; however, should it be construed that any of the allegations in Count III are directed against this Defendant, J. C. Penney Corporation, Inc., then this Defendant denies each and every one of those allegations.

## COUNT IV

41. Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 40 as if set forth fully herein in response to paragraph 41 of Count IV of Plaintiffs' Amended Complaint.

42. Defendant denies that it designed, manufactured, and/or distributed the window coverings and therefore denies the allegations contained in paragraph 42 of Count IV of Plaintiffs' Amended Complaint.

43. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 43 of Count IV of Plaintiffs' Amended Complaint and, therefore, denies the same.

44. This Defendant denies the allegations contained in paragraph 44 of Count IV of Plaintiffs' Amended Complaint.

45. This Defendant denies the allegations contained in paragraph 45 and subparts thereof of Count IV of Plaintiffs' Amended Complaint.

46. This Defendant denies the allegations contained in paragraph 46 of Count IV of Plaintiffs' Amended Complaint.

47. This Defendant denies the allegations contained in paragraph 47 of Count IV of Plaintiffs' Amended Complaint.

48. This Defendant denies the allegations contained in paragraph 48 of Count IV of Plaintiffs' Amended Complaint.

## COUNT V

49. Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 48 as if set forth fully herein in response to paragraph 49 of Count v of Plaintiffs' Amended Complaint.

50-55. This Defendant makes no Answer to the allegations contained in paragraphs 50 through 55 of Count v of Plaintiffs' Amended Complaint for the reason that said Count is directed against Defendant Newell Window Furnishings, Inc. against whom judgment is prayed and no judgment is prayed against this Defendant in Count v; however, should it be construed that any of the allegations in Count III are directed against this Defendant, J. C. Penney Corporation, Inc., then this Defendant denies each and every one of those allegations.

## COUNT VI

56. Defendant adopts and incorporates by reference its Responses to paragraphs 1 through 55 as if set forth fully herein in response to paragraph 56 of Count VI of Plaintiffs' Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Count VI of Plaintiffs' Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Count VI of Plaintiffs' Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Count VI of Plaintiffs' Amended Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Count VI of Plaintiffs' Amended Complaint.

61. This Defendant denies the allegations contained in paragraph 61 of Count VI of Plaintiffs' Amended Complaint.

62.     This Defendant denies the allegations contained in paragraph 62 of Count VI of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states Plaintiffs' Amended Complaint fails to state a cause of action or claim upon which relief may be granted.

2.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

3.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' claims, in whole or in part may be barred by the applicable statute of limitations.

4.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' claims, in whole or in part may be preempted by applicable Federal law.

5.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' claimed damages, in whole or in part may be reduced by comparative fault.

6.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' claimed damages may be reduced in whole or in part due to Plaintiffs' failure to mitigate damages.

7.      For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that adequate and complete warnings were provided with the subject product or otherwise to Plaintiffs, and the subject product was neither defective nor unreasonably dangerous when these warnings were considered.

8. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that its products conformed to the state of the art and were reasonably safe for normal and foreseeable uses, with the benefits outweighing any associated risks.

9. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that if any of the alleged damages sustained by Plaintiffs are attributable to the product at issue, which allegations are expressly denied, the damages were solely caused by and attributable to the unintended, unreasonable, and improper use of said product.

10. For further Answer and Affirmative Defense, Defendant states that Plaintiffs' claims are barred due to the fact that defendant J.C. Penney Corporation, Inc. is an innocent seller in the stream of commerce for which no claim can be maintained.

11. For further Answer and Affirmative Defense, Defendant asserts that Plaintiffs' cannot make a submissible case due to the fact that they were the last to have possession of the window covering at issue and failed to maintain control of said covering thus constituting spoliation.

12. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' injuries and damages, if any, were the sole, proximate or substantial result of an intervening and superseding act or acts of negligence over which this Defendant had no control or responsibility, and Defendant J.C. Penney Corporation, Inc. specifically pleads and relies upon same as a complete bar to Plaintiffs' recovery herein.

13. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states it reserves the right to seek contribution among joint tortfeasors in the event that proof gathered through subsequent discovery establishes that Plaintiffs did suffer injury that was proximately caused by acts

of more than one defendant or other third party, so that fault, if any, can be apportioned among such joint tortfeasors as provided by Missouri law.

14.     For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that Plaintiffs' injuries, if any, were proximately caused by the abnormal use, misuse and/or abuse of the product referred to in Plaintiffs' Amended Petition, by a person or persons other than Defendant J.C. Penney Corporation, Inc.

15.     For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. request an apportionment of fault among all parties to this suit and among all tortfeasors who have or might settle with Plaintiffs.

16.     For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states that should there be no apportionment of fault with settling defendants, then defendant seeks a reduction/credit for any settlement monies received by Plaintiffs from any tortfeasor under RSMo. § 537.060.

17.     For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. intends to rely upon the provisions of RSMo. § 490.715, limiting the economic damages for medical expenses to the amounts actually paid to a healthcare provider.

18.     For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states the product described in Plaintiffs' Amended Complaint was, without this Defendant's knowledge, approval, or consent, and contrary to instructions and the custom and practice in the industry, redesigned, modified, altered, or subjected to other treatment which substantially changed its character; that if there was a defect in the product, which is specifically denied, such defect resulted solely from the redesign, modification, alteration, treatment or other

change therein and not from any act or omission of this Defendant; that said defect, if any, was created by the Plaintiff or others and was the sole and proximate cause of injuries or damages sustained by her.

19. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states Plaintiffs' claims are barred and/or limited by virtue of express disclaimers, exclusions, limits, limitations, and/or other terms contained in any warranties and/or agreements that may apply.

20. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. states if Plaintiffs sustained any damages or injuries as a result of the subject window covering, said damages or injuries were caused in whole or in part by the failure of the user of the window covering to undertake the precautions a reasonably careful user would take to protect Plaintiffs against dangers the user would reasonably appreciate under the same or similar circumstances and/or by the unreasonable failure of the user of the window covering to appreciate the danger involved in its use or the consequences thereof and the unreasonable exposure of Plaintiffs to said danger.

21. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. specifically reserves the right, in accordance with the Missouri Rules of Civil Procedure, to amend its pleadings to conform to discovery or evidence at trial, or for purposes of asserting any counterclaim or cross-claim.

22. For further Answer and Affirmative Defense to Plaintiffs' Amended Complaint, Defendant J.C. Penney Corporation, Inc. reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer and Affirmative Defenses to assert those defenses.

WHEREFORE, Defendant J.C. Penney Corporation, Inc. having fully answered and responded to Plaintiffs' Amended Complaint, prays to be dismissed with its costs herein expended.

/s/ James E. Whaley
James E. Whaley #4691
John P. Rahoy #34749
BROWN & JAMES, P.C.
Attorneys for Defendant
J.C. Penney Corporation, Inc.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
(314) 421-3400
(314) 421-3128 (Fax)
jwhaley@bjpc.com
jrahoy@bjpc.com

A copy of the foregoing sent via ECF and/or U.S. Mail this 10 day of September, 2010 to: Mr. James G. Onder and Mr. James T. Corrigan, Onder, Shelton, O'Leary & Peterson, LLC, Attorneys for Plaintiffs, 110 E. Lockwood, 2nd Floor, St. Louis, MO 63119 and Mr. Kevin P. Krueger and Ms. Natalie J. Kussart, Sandberg Phoenix and von Gontard, P.C., Attorneys for Defendant Newell Window Furnishings, Inc., 600 Washington Avenue, 15th Floor, St. Louis, MO 63101-1313.

/s/ James E. Whaley

KSD
9/10/10
8646146

10