IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *TIARA ROBINSON, As Next Friend and Natural Mother of C.R., TIARA ROBINSON, Individually, and ORLANDUS ROBINSON, Individually,*<br><br>             Plaintiffs,<br><br>v.<br><br>NEWELL RUBBERMAID, f/k/a KIRSCH, INC., J.C. PENNY COMPANY, INC., COLDWELL BANKER GUNDAKER, and MELISSA HARRIS,<br><br>             Defendants. | Cause No. 4:10-CV-01176 JCH |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NEWELL WINDOW FURNISHINGS, INC.'S AND J.C. PENNEY CORPORATION, INC.'S MOTION FOR RECONSIDERATION OF THE FEBRUARY 21, 2012 ORDER DENYING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SEPARATE FIRST AMENDED ANSWERS AND COUNTERCLAIMS

COME NOW Defendants Newell Window Furnishings, Inc. (incorrectly sued as Newell Rubbermaid, f/k/a Kirsch, Inc.) and J.C. Penney Corporation, Inc. (incorrectly sued as J.C. Penney Company, Inc.) (collectively, "Defendants"), by and through their respective attorneys, and for their Memorandum of Law in Support of their Motion for Reconsideration of the February 21, 2012 Order Denying Defendants' Unopposed Motion for Leave to File Separate First Amended Answers and Counterclaims, respectfully state as follows:

### BACKGROUND

On February 1, 2012, Defendants filed their Motion for Leave to File Separate First Amended Answers to Plaintiffs' Amended Complaint. [Doc. No. 46]. Defendants sought to amend their answers, assert additional affirmative defenses, and, most importantly, to assert counterclaims against Plaintiffs

Tiara Robinson and Orlandus Robinson ("Plaintiffs") for negligence. [*Id.*]. Defendants' counterclaims allege that Plaintiffs were negligent in failing to adequately supervise their daughter, C.R., on the day of the incident, failing to place the window blind cords out C.R.'s reach, and failing to install safety devices on the subject window blind to address the hazard associated with window blind cords despite having knowledge of this hazard. [*Id.*].

After completing the depositions of the Plaintiffs on October 21, 2011, Defendants had a good faith basis to support a counterclaim that Plaintiffs' negligence was the sole proximate cause of C.R.'s injuries. Since then, Defendants have continued to take depositions of key fact witnesses to further support their counterclaims. On February 22 and 23, 2012, Defendants deposed the police officers, detectives, and hospital social worker who investigated the incident and interviewed the Plaintiffs. The testimony of these fact witnesses further supports Defendants claims that the Plaintiffs knew about the hazard associated with window blind cords yet failed to adequately supervise or otherwise protect their daughter from this known hazard.

## ARGUMENT

This Court should allow Defendants to amend their answers to assert counterclaims against Plaintiffs pursuant to Federal Rule of Civil Procedure 15(a). Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. F.R.C.P. 15(a). The Eighth Circuit has agreed with the Supreme Court's interpretation of Rule 15(a) to mean that "absent a good reason for denial such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 565-66 (8th Cir. 1992) *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Estle v. Country Mut. Ins. Co.*, 970 F.2d 476, 480 (8th Cir. 1992) (stating that "only limited circumstances justify a district court's refusal to grant leave to

amend pleadings"). Rule 15(a)'s liberal view towards amendment applies to amendments to assert counterclaims. *See Feldman v. New York Life Ins. Co.*, No. 409CV2129MLM, 2010 WL 3718892, at *2 (E.D. Mo. Sept. 14, 2010) (granting leave to file amended answer and counterclaim because Rule 15(a) requires leave to amend be freely given when justice so requires); *Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.*, 958 F.2d 836, 839 (8th Cir. 1992) (finding that it would be "unduly prejudicial not to allow the defendant to amend its answer to include its counterclaim").

Here, leave to amend to assert counterclaims against the Plaintiffs should be granted under Rule 15(a) because there is no good reason to deny the amendment. First, the amendment would not cause undue delay. No additional fact discovery would be necessary as the amendments and counterclaims are based on evidence already gained through the discovery that has occurred in the last several months. None of the scheduling deadlines would be affected, including the trial date. Second, Defendants do not have a bad faith or dilatory motive for the amendment. Defendants have a good faith basis for the counterclaims and are seeking to amend the pleadings to conform to the proof that has been learned through discovery and will be presented at trial. Third, this is Defendants' first amendment; therefore, there have not been repeated failures to cure deficiencies in prior amendments. Fourth, not only is there no undue prejudice to the Plaintiffs, but **Plaintiffs have consented to the filing of the counterclaims**. Fifth, the amendment is not futile as it would alter the available defenses and the evidence considered by the jury. Indeed, this amendment is necessary to Defendants' defense of the claims asserted in this matter.

## CONCLUSION

WHEREFORE, Defendants Newell Window Furnishings, Inc. (incorrectly sued as Newell Rubbermaid, f/k/a Kirsch, Inc.) and J.C. Penney Corporation, Inc. (incorrectly sued as J.C. Penney Company, Inc.) respectfully request that this Court reconsider its February 21, 2012 order and grant

Defendants leave to file their First Amended Answers with Counterclaims against Plaintiffs Tiara Robinson and Orlandus Robinson.

SANDBERG PHOENIX & von GONTARD P.C.

By:  /s/ Kevin P. Krueger
Kevin P. Krueger, #03319
Natalie J. Kussart, #59622MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  kkrueger@sandbergphoenix.com
    nkussart@sandbergphoenix.com
*Attorneys for Defendant*
*Newell Window Furnishings, Inc.*

### Certificate of Service

I hereby certify that on 24th day of February 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. James G. Onder
Mr. James T. Corrigan
Onder, Shelton, O'Leary & Peterson, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
*Attorneys for Plaintiffs*

Mr. John Rahoy
Brown & James
1010 Market Street
20th Floor
St. Louis, MO 63101-2000
jrahoy@bjpc.com
*Attorneys for J.C. Penney Corporation, Inc.*

  /s/ Kevin P. Krueger