IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIARA ROBINSON, As Next Friend and Natural Mother of C.R., TIARA ROBINSON, Individually, and ORLANDUS ROBINSON, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>NEWELL RUBBERMAID, f/k/a KIRSCH, INC., J.C. PENNY COMPANY, INC., COLDWELL BANKER GUNDAKER, and MELISSA HARRIS,<br><br>Defendants. | Cause No. 4:10-CV-01176 JCH |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE WITH SUBPOENA, OR IN THE ALTERNATIVE, MOTION FOR CONTEMPT AND SANCTIONS

Defendants Newell Window Furnishings, Inc. (incorrectly sued as Newell Rubbermaid, f/k/a Kirsch, Inc.) and J.C. Penney Corporation, Inc. (incorrectly sued as J.C. Penney Company, Inc.) (collectively, "Defendants"), by and through their respective attorneys, and pursuant to Rules 45(e) and Rule 37(a) of the Federal Rules of Civil Procedure, hereby provide this memorandum in support of their Motion to Compel Ronald Bailey's and Michael Shackelford's Compliance with Subpoenas, or alternatively, Motion for Contempt and Sanctions:

### INTRODUCTION

On March 29, 2010, Plaintiffs filed this products liability action in the Circuit Court of St. Louis County, Missouri, and Defendants removed the cause to this Court. Plaintiffs alleges that

3443741\1

C.R., a minor, sustained injuries when she became entangled in the inner cord of a window covering in her home, which is located in Saint Louis, Missouri.

Upon information and belief, Ronald Bailey ("Bailey") and Michael Shackelford ("Shackelford") are both former owners and/or residents of the subject home. As such, their testimony about the window covering is relevant and important to this lawsuit. Both Bailey and Shackelford still reside in Saint Louis.

Upon information and belief, on or about February 8, 2012, Bailey informed Plaintiffs that he would voluntarily agree to appear for deposition. As such, Plaintiffs provided Bailey with a Notice of Deposition setting his deposition for February 14, 2012, in Saint Louis. *See* Exhibit A. However, Bailey failed to appear for his deposition.

On February 22, 2012, Defendants personally served Bailey with a subpoena and Notice of Deposition compelling his attendance at deposition on March 8, 2012, in Saint Louis. *See* Exhibit B. Pursuant to Rule 46(b)(1), Defendants provided Bailey with a check, which he has cashed, in the amount of $48.35, the fee for one day's attendance and travel. *Id*.

On February 28, 2012, Shackelford was personally served with a subpoena and Notice of Deposition compelling his attendance at deposition on March 8, 2012, in Saint Louis. *See* Exhibit C. Pursuant to Rule 46(b)(1), Shackelford was given a check in the amount of $51.00, the fee for one day's attendance and travel. *Id*.

Both Bailey and Shackelford failed to appear for their depositions on March 8, 2012, despite being properly served with subpoenas.

**APPLICABLE LAW AND ANALYSIS**

Rule 37(a) allows this Court to compel discovery from a non-party. Rule 37(a)(5)(A) states: "If the motion is granted – or if the disclosure or requested discovery is provided after the

3443741\1

motion was filed – the court must, after giving an opportunity to be heard, require the…deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Furthermore, Rule 45(e) states as follows:  "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

Here, both Bailey and Shackelford may have relevant and significant knowledge and information about the product involved in this lawsuit.  Both witnesses were properly served with subpoenas, notices of depositions, and witness fees.  Neither witness appeared for his deposition set on March 8, 2012.  As such, they should be compelled by this Court to appear.

Defendants have unfairly been forced to incur attorney's fees and costs due to Bailey's and Shackelford's non-compliance with the subpoenas.  Specifically, Defendants have incurred the witness fees referred above, the cost of service of process, paralegal fees for drafting and preparing the subpoenas and notices of depositions, attorneys' fees for attending depositions for which the witnesses failed to appear, and attorneys' fees for researching and drafting this motion.  Pursuant to Rule 37(a)(5)(A), this Court should sanction Bailey and Shackelford by requiring them to compensate Defendants for the expenses incurred.

**CONCLUSION**

Defendants respectfully move this Court to enter an order compelling Ronald Bailey and Michael Shackelford compliance with their respective subpoenas by testifying at deposition, or in the alternative, to hold Ronald Bailey and Michael Shackelford in contempt and compel them to pay Defendants' expenses as sanctions for failing to comply with the subpoenas, and for such other and further relief as this Court deems just.

3443741\1

          SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Natalie J. Kussart*
Kevin P. Krueger, #03319
Natalie J. Kussart, #59622MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  kkrueger@sandbergphoenix.com
       nkussart@sandbergphoenix.com
*Attorneys for Defendant*
*Newell Window Furnishings, Inc.*

**Certificate of Service**

I hereby certify that on this 26th day of March, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. James G. Onder
Mr. James T. Corrigan
Onder, Shelton, O'Leary & Peterson, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
*Attorneys for Plaintiffs*

         */s/ Natalie J. Kussart*

3443741\1