**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| TIARA ROBINSON, as Next Friend and Natural Mother of C.R., TIARA ROBINSON, Individually, and ORLANDUS ROBINSON, Individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:10-CV-01176 JCH |
| NEWELL WINDOW FURNISHINGS, INC., and J.C. PENNEY CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**J.C. PENNEY CORPORATION'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant J.C. Penney Corporation ("JCP"), pursuant to Federal Rule of Civil Procedure

56 and Local Rule 7 - 4.01(A), respectfully submits this Memorandum in Support of Its Motion

for Summary Judgment.

**INTRODUCTION**

This is a products liability action.  Plaintiffs have brought Missouri state law-based

claims against JCP alleging strict liability, negligence, and failure to warn as the result of their

toddler C.R.'s entanglement in a window covering.  *See* Pls.' Am. Compl. Counts II, IV, VI,

ECF No. 18.  However, Plaintiffs have no evidence that the subject window covering was

designed, manufactured, supplied or sold by JCP.  Therefore, JCP is entitled to summary

judgment as a matter of law.

**LEGAL STANDARD**

The Court must grant a motion for summary judgment if, "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Missouri law determines which facts are material to the plaintiff's claims.  Summary judgment is not allowed only where disputes over material facts are shown to exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is proper if the evidence is such that no reasonable jury could return a verdict for the nonmoving party.  *Id.*

The moving party bears the burden of demonstrating to the Court the basis of its motion. *Celotex*, 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247.  As such, the nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

## ARGUMENT

JCP is entitled to summary judgment because Plaintiffs cannot establish that it designed, manufactured or supplied the window covering at issue in this case.  In every products liability action, "[a]n essential element of the plaintiff's case is the identification of any named defendant as the designer, manufacturer or supplier of the alleged defective product."  *Commercial Distribution Ctr., Inc. v. St. Regis Paper Co.*, 689 S.W.2d 664, 667 (Mo. Ct. App. 1985); *City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110, 115 (Mo. 2007) ("[W]here the plaintiff seeks to hold the defendants liable on the basis that their products caused harm to the plaintiff, the identification requirement must be satisfied."); *Brough v. Ort Tool and Die Corp.*, 149 S.W.3d 493, 496–48 (Mo. App. Ct. 2004) ("The evidence does not support that Ort did or could have designed or constructed the defective machine, and, therefore, fails to raise as a material

question of fact whether Ort manufactured the machine that injured Mr. Brough."); *Mouser v. Caterpillar, Inc.*, No. 4:98-CV-744, 2000 WL 35552637, at \*16 (E.D. Mo. Oct. 6, 2000).

In *Brough*, plaintiff's arm was crushed in a blow-molding machine.  149 S.W.3d at 496–48.  Plaintiff offered evidence that the defendant had previously rebuilt other blow-molding machines; that the defendant's salesman had a telephone call with a paralegal about the machines at issue; and that an investigator had concluded the defendant manufactured the machine at issue. *Id.* at 497.  However, that evidence taken together could "not support that [defendant] did or could have designed or constructed the defective machine, and, therefore, fail[ed] to raise a material question of fact."  *Id.*  Thus, the Court granted summary judgment in favor of the defendant.  *Id.* at 496–48

Similarly in *Mouser*, plaintiff could not raise a material issue of fact on product identification to survive summary judgment.  *Mouser*, 2000 WL 35552637, at \*1.  The plaintiff suffered injuries while he was repairing a rubber mixer, but he could not produce evidence that Caterpillar had "act[ed] to introduce the product into the stream of commerce."  *Id.* at \*16.  Because "an essential element of the plaintiff's case is the identification of any named defendant as the designer, manufacturer or supplier of the alleged defective product," Caterpillar was entitled to summary judgment on the product liability claims.  *Id.* at \*16, 18, 19.

Here, Plaintiffs cannot raise a material issue of fact on product identification to survive summary judgment.  Plaintiffs have no evidence that the subject window covering was designed, manufactured, or supplied by JCP.  *See* Defs.' Stmt. Facts ¶¶ 1-15.  The entirety of the record shows no testimonial or documentary evidence to support that allegation.  *See id.*  In fact, Plaintiffs' misplaced allegation against JCP appears to be based on testimony about *other* window coverings for *other* rooms in the home at issue.  *See id.* ¶¶ 8-15.

In the spring of 2009, Orlandus, Tiara, and C.R. moved into a house located at 1541 Bayonne Drive, Saint Louis, MO (the "Bayonne House").  *Id.* ¶ 2.  The Bayonne House had a primary living space on the main floor with a partially finished basement.  *Id.*  On the main floor, there were three bedrooms, one of which was a master bedroom.  *Id.*  The other two bedrooms were used by their children.  *Id.*  On July 7, 2009, C.R. became entangled in one of the cords of the window covering located in her brother's bedroom.  *Id.* ¶ 4.  Approximately a month after the accident, Orlandus Robinson destroyed that subject window covering.  *Id.* ¶ 5.

When the Robinsons moved into the Bayonne House, all of the window coverings were already installed.  *Id.* ¶ 6.  Neither Orlandus nor Tiara Robinson has personal knowledge when any of the window coverings in the Bayonne House were made or installed, or who sold or installed the window coverings, or where they were purchased.  *Id.* ¶ 7.  No other occupant of the Bayonne House has personal knowledge about the retail seller of the subject window covering that was involved in the incident at issue.  *Id.* ¶ 14.

In response to JCP's Interrogatories, Plaintiffs identified Arthur Feldewerth and Marci Smith as the purchasers of the subject window covering and Marci Smith as the installer of the subject window covering.  *Id.* ¶ 8.  The evidence does not support this contention.  Arthur Feldewerth testified that he did not purchase window coverings for any room in the house, including the room where the subject incident occurred.  *Id.* ¶ 10.  Ms. Smith testified that she purchased and installed *other* window coverings for *other* rooms that were purchased either from Venture or from JCP.  *Id.* ¶¶ 11-13.   Ms. Smith testified affirmatively that the subject window covering was already installed in the Bayonne House, and she did not purchase or change any window coverings in the room where the subject incident occurred.  *Id.* ¶ 12.  Furthermore, JCP

- 4 -

searched its records and found no records and no documentary evidence that the subject window covering was purchased by Ms. Smith at JCP.  *Id.* ¶ 15.

Therefore, although Plaintiffs have alleged that the subject window covering was designed, manufactured, or supplied by JCP, after two years of fact discovery, there is no evidence to support their allegations against JCP.  Without evidence of product identification, Plaintiffs can do no more than show that any window covering retailer may have sold the window covering at issue.  *See Benjamin Moore & Co.*, 226 S.W.3d at 115 (affirming summary judgment on "inability to provide any product identification evidence").  As such, Plaintiffs have failed to "remove the case from the field of conjecture and establish it by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence . . . [which] tend to exclude any other reasonable conclusion."  *Church v. Martin-Baker Aircraft Co., Ltd.*, 643 F. Supp. 499, 505 (E.D. Mo. 1986) (citations omitted).

Altogether, Plaintiffs' claims against JCP fail as a matter of law because there is no evidence to support any connection between JCP and the alleged injuries.  JCP is therefore entitled to summary judgment because Plaintiffs have failed to create a genuine issue of fact on product identification, an essential and threshold element of their product liability claims.

## CONCLUSION

For these reasons, Defendant J.C. Penney Corporation respectfully request that this Court enter summary judgment in its favor and against Plaintiffs pursuant to Federal Rule of Civil Procedure 56.

Respectfully submitted,


By:     /s/ Holly A. Podulka

        Kevin P. Krueger, #03319
        Natalie J. Kussart, #59622MO
        600 Washington Avenue - 15th Floor
        St. Louis, MO  63101-1313
        314-231-3332
        314-241-7604 (Fax)
        E-mail:  kkrueger@sandbergphoenix.com
             nkussart@sandbergphoenix.com

        Joseph J. Krasovec III, *pro hac vice*
        Holly A. Podulka, *pro hac vice*
        Schiff Hardin LLP
        233 South Wacker Drive, Suite 6600
        Chicago, IL 60606
        (312) 258-5500
        (312) 258-5600 (Fax)
        E-mail:  jkrasovec@schiffhardin.com
             hpodulka@schiffhardin.com

        *Attorneys for Defendants Newell Window*
        *Furnishings, Inc. and J.C. Penney Corporation*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 10, 2012, she filed the foregoing and this Certificate of Service with the Clerk of the Court via the Case Management/Electronic Case Filing (CM/ECF) system, which will provide electronic notice to all counsel of record.


/s/ Holly A. Podulka