UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| TIARA ROBINSON, as Next Friend and Natural Mother of C.R., TIARA ROBINSON, Individually, and ORLANDUS ROBINSON, Individually,   )<br>)<br>)<br>)<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>NEWELL WINDOW FURNISHINGS, )<br>INC., and J.C. PENNEY CORPORATION, )<br>)<br>Defendants.   ) | No. 4:10-CV-01176 JCH |

**NEWELL WINDOW FURNISHINGS, INC. AND
J.C. PENNEY CORPORATION'S MEMORANDUM
<u>IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Newell Window Furnishings, Inc. ("Newell") and J.C. Penney Corporation ("JCP"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7 - 4.01(A), respectfully submit this Memorandum in Support of Their Motion for Summary Judgment.

**<u>INTRODUCTION</u>**

This is a products liability action. Plaintiffs have brought Missouri state law-based claims against Newell and JCP alleging strict liability, negligence, and failure to warn as the result of their toddler C.R.'s entanglement in a window covering. *See* Pls.' Am. Compl. Counts I–VI, ECF No. 18. The alleged defect underlying all these claims is a risk of child strangulation in their window covering due to inadequate childproofing. *See id.* Under Missouri law, however, a manufacturer of products not intended for use by children has no legal duty to childproof its products. Accordingly, Defendants are entitled to summary judgment because they owed no legal duty to childproof the subject window covering.

**LEGAL STANDARD**

The Court must grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Missouri law determines which facts are material to the plaintiff's claims. Summary judgment is not allowed only where disputes over material facts are shown to exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is proper if the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of demonstrating to the Court the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. As such, the nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

**ARGUMENT**

**I.    MISSOURI LAW IMPOSES NO DUTY TO CHILDPROOF.**

Under Missouri law, a manufacturer of products not intended for use by children has no duty to childproof its products. *Brawner v. Liberty Indus., Inc.*, 573 S.W.2d 376, 377 (Mo. Ct. App. 1978) (dismissing product liability claims as "product made for adult use is [not] deemed defective and unreasonably dangerous solely because it has not been made child-proof"); *Sedlock v. Bic Corp.*, 741 F. Supp. 175, 177 (W.D. Mo. 1990) (entering summary judgment as "Missouri law explicitly holds that manufacturers are not liable for failure to make adult products child proof"); *Eads v. Bic Corp.*, 740 F. Supp. 1433, 1436 (W.D. Mo. 1989) (entering summary

judgment on claim "for failure to use a childproof design"); *Laney v. Coleman Co., Inc.*, 758 F.2d 1299, 1303 (8th Cir. 1985) (explaining "product made for adult use was not defective and unreasonably dangerous solely because it had not been made child-proof").

In removing any legal duty to childproof, Missouri courts enforce a fundamental policy of products liability that a "manufacturer is not an insurer nor must he create a product which is accident proof." *Brawner*, 573 S.W.2d at 377; *see also Baker v. Int'l Harvester Co.*, 660 S.W.2d 21, 23 (Mo. Ct. App. 1983) (affirming directed verdict because "manufacturer does not have a duty to design an accident proof product"); *Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 375 (Mo. 1986) (quoting Justice Traynor that "[i]t should be clear that the manufacturer is not an insurer for all injuries caused by his products" (citation omitted)).

Indeed, most jurisdictions have rejected the extension of liability based on claims that manufacturers should have made their products childproof.  The rule has been applied nationwide to household window screens,[1] household furniture,[2] and household cooking products.[3]  "[V]irtually *any* household product which is made accessible to young children could attract their attention and potentially cause injury." *Beaver*, 852 F. Supp. at 63 (entering summary judgment because manufacturer had no duty to childproof a grandfather clock).  In

---

[1] *Jeld-Wen, Inc. v. Gamble*, 501 S.E.2d 393, 397 (Va. 1998) (entering judgment as a matter of law and finding no duty to manufacture window screen with a childproof design); *Browner v. Metal Industries, Inc.*, 719 A.2d 941, 945–46 (Del. 1998) (same); *Gutztnan v. Aluminum Indus. Corp.*, 495 N.W.2d 879, 884 (Minn. Ct. App. 1993) (same); *Lamkin v. Towner*, 563 N.E.2d 449, 457 (Ill. 1990) (same).

[2] *Beaver v. Howard Miller Clock Co., Inc.*, 852 F. Supp. 631, 636–39 (W.D. Mich. 1994) (entering summary judgment and finding no duty as a matter of law to manufacture grandfather clock with a childproof design).

[3] *Kelley v. Rival Manufacturing Co.*, 704 F. Supp. 1039, 1042–46 (W.D. Okla. 1989) (entering summary judgment and finding no duty as a matter of law to manufacture crock-pot with a childproof design); *Rock v. Oster Corp.*, 810 F. Supp. 665, 665–68 (D. Md. 1991) (entering summary judgment and finding no duty as a matter of law to manufacture fondue pot with a childproof design).

*Browner*, for instance, an eight-year-old child opened a second floor window through which an eleven-month-old infant fell when the window screen gave way under the infant's weight. The plaintiffs alleged the window screen was defective because the screen, by its design, appeared to "false latch." The Delaware Supreme Court upheld summary judgment for the window screen manufacturer, holding the manufacturer had no duty as a matter of law to make its window screen childproof. *Id.* at 943, 944, 946.

Under Missouri law, as in most states, a manufacturer of products not intended for use by children has no legal duty to childproof its products. Without any legal duty, a plaintiff's products liability claims necessarily fail as a matter of law. *See Brawner*, 573 S.W.2d at 377; *Sedlock*, 741 F. Supp. at 177; *Eads*, 740 F. Supp. at 1436.

## II.   DEFENDANTS OWED NO LEGAL DUTY TO CHILDPROOF THE SUBJECT WINDOW COVERING.

For Plaintiffs' strict liability, negligence, and failure to warn claims, the alleged defect underlying each claim is a risk of child strangulation in the subject window covering due to inadequate childproofing. *See* Pls.' Am. Compl. Counts I–VI. However, Missouri law does not impose a legal duty to childproof products, such as the subject window covering. *See Brawner*, 573 S.W.2d at 377; *Sedlock*, 741 F. Supp. at 177; *Eads*, 740 F. Supp. at 1436. To create a legal duty here, the Court would be requiring a manufacturer of a common and simple household product to place child-resistant features into its product even though it is marketed to and intended for use by adults and is undeniably safe in the hands of an adult user. "Missouri law explicitly holds that manufacturers are not liable for failure to make adult products child proof." *Sedlock*, 741 F. Supp. at 177.

Like the subject window covering, "virtually *any* household product which is made accessible to young children could attract their attention and potentially cause injury." *Beaver*,

- 4 -

852 F. Supp. at 63.  But a child's misuse does not impose a legal duty because a "manufacturer is not an insurer nor must he create a product which is accident proof."  *Brawner*, 573 S.W.2d at 377.  In fact, the defective condition alleged in this case is only *created* when a child, such as C.R., unwittingly forms a loop by pulling the inner cord out and becomes entangled within the small child-size loop that he or she accidently created.

Plaintiffs' theory of defect is the very definition of childproofing.  The inner cord is not used to raise and lower the subject window covering, which is the function of the pull cord, and there is no reason for a child — or anyone else for that matter — to handle or manipulate the inner cord on the window covering to create the defect alleged here:



Defs.' Stmt. Facts ¶ 4.

Indeed, Plaintiffs' safer alternative design — cord stops or other measures to prevent the inner cord of the subject window covering from being pulled out by a child and forming a loop in which only a child could then strangle — would serve no function other than childproofing.  *See, e.g.*, Pls.' Am. Compl. ¶ 10.  Missouri law refuses to impose such a duty on a manufacturer.  The range of potential hazards to children is endless, and the burden of imposing child-resistant designs via tort duties would be staggering.  Products liability law does not require a

manufacturer of an adult product to design it to be safe for a child's misuse. "It should be clear that the manufacturer is not an insurer for all injuries caused by his products." *Nesselrode*, 707 S.W.2d at 375 (citation omitted); *accord Brawner*, 573 S.W.2d at 377 ("A manufacturer is not an insurer nor must he create a product which is accident proof.").

In this case, like all childproofing cases, "[t]he fact that an unfortunate and regrettable injury occurs does not in itself create a presumption that a particular product is defective or unreasonably dangerous. Additionally, a manufacturer is under no duty to make products absolutely safe from every conceivable potential injury. Nor is there an obligation to make a 'fail-safe' product or one that is 'child-proof.'" *Kelley*, 704 F. Supp. at 1044 (citations omitted).

Therefore, "Missouri law explicitly holds that manufacturers are not liable for failure to make adult products child proof." *Sedlock*, 741 F. Supp. at 177. Because Defendants owed no legal duty to make the subject window covering childproof under Missouri law, they are entitled to summary judgment as a matter of law on Plaintiffs' strict liability, negligence, and failure to warn claims.

## **CONCLUSION**

For this reason, Defendant Newell Window Furnishings, Inc. and J.C. Penney Corporation respectfully request that this Court enter summary judgment in its favor and against Plaintiffs pursuant to Federal Rule of Civil Procedure 56.

Respectfully submitted,

By:    /s/ Holly A. Podulka

    Kevin P. Krueger, #03319
    Natalie J. Kussart, #59622MO
    600 Washington Avenue - 15th Floor
    St. Louis, MO  63101-1313
    314-231-3332
    314-241-7604 (Fax)
    E-mail:  kkrueger@sandbergphoenix.com
           nkussart@sandbergphoenix.com

    Joseph J. Krasovec III, *pro hac vice*
    Holly A. Podulka, *pro hac vice*
    Schiff Hardin LLP
    233 South Wacker Drive, Suite 6600
    Chicago, IL 60606
    (312) 258-5500
    (312) 258-5600 (Fax)
    E-mail:  jkrasovec@schiffhardin.com
           hpodulka@schiffhardin.com

*Attorneys for Defendants Newell Window Furnishings, Inc. and J.C. Penney Corporation*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 10, 2012, she filed the foregoing and this Certificate of Service with the Clerk of the Court via the Case Management/Electronic Case Filing (CM/ECF) system, which will provide electronic notice to all counsel of record.

/s/ Holly A. Podulka