## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

| | | |
|---|---|---|
| TIARA ROBINSON, as Next Friend and | ) | |
| Natural Mother of C.R., TIARA | ) | |
| ROBINSON, Individually, and | ) | |
| ORLANDUS ROBINSON, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-01176 JCH |
| | ) | |
| NEWELL WINDOW FURNISHINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NEWELL WINDOW FURNISHINGS, INC.'S
## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE
## TESTIMONY OF DEFENDANT'S EXPERT CHRISTINE WOOD

Newell Window Furnishings, Inc. ("Newell"), pursuant to Local Rule 7 - 4.01(B), respectfully submits the following Response in Opposition to Plaintiffs' Motion to Exclude Testimony of Defendant's Expert Christine Wood (ECF No. 85).

## INTRODUCTION

This is a products liability action.  Plaintiffs brought Missouri state law-based claims against Newell alleging strict liability, negligence, and failure to warn as the result of their toddler C.R.'s entanglement in the interior, or "inner cords," of a window blind in their home. (*See* Pls.' Am. Compl. Counts I, III, V, ECF No. 18.)  The alleged defect arises from one of the inner cords of their window blind having been pulled out of the blind and placed around C.R.'s neck, causing her to sustain an anoxic brain injury.  (*See id.*)  As in every products liability action, Plaintiffs must prove that the window blind was placed in the stream of commerce by Newell's predecessor, Kirsch, and that it was defective at that time.

Plaintiffs now bring a motion to exclude one of seven opinions offered by Newell's human factors expert, Dr. Christine Wood.  Plaintiffs argue that Dr. Wood should be excluded from testifying that "[t]he horizontal blind alleged to have been involved in this incident was not unreasonably dangerous or defective based on the knowledge of window covering hazards known at its time of manufacture" because Dr. Wood lacks the requisite qualifications to render this opinion and her opinion does not meet the relevancy requirements of Federal Rule of Evidence 702.  (Pls.' Mem. 1-2.)

Plaintiffs' arguments are without merit.  First, Dr. Wood is qualified to testify because she has specialized knowledge, experience, and education in the area of human factors, the scientific study of the limitations and capabilities of people as they use products.  In addition, Dr. Wood has unique expertise in how children interact with products, their developmental capabilities and limitations, and the ways in which adults manage a child's environment in response.  Second, Dr. Wood's opinion is relevant to an ultimate issue to be decided by the jury, namely whether the subject window blind was unreasonably dangerous or defective when it was manufactured and placed into the stream of commerce.  Accordingly, Dr. Wood's third opinion is admissible under Rule 702.

## ARGUMENT

### I.   DR. WOOD'S OPINION IS BASED ON HER EXEMPLARY QUALIFICATIONS.

Dr. Wood is qualified to opine that the window blind was not unreasonably dangerous or defective based on what was known about how children interacted with window coverings at the time the subject window blind was manufactured.  An expert is qualified to testify by virtue of her "knowledge, skill, experience, training or education."  Fed. R. Evid. 702.  An expert's testimony should "assist the trier of fact to understand the evidence or to determine a fact in issue."  *Id.*  This standard is satisfied when the expert's testimony "advances the trier of fact's

- 2 -

understanding to any degree." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006); *Williams v. Pro-Tec, Inc.*, 908 F.2d 345, 348 (8th Cir. 1990) (expert's qualification is "'whether his knowledge of the subject matter is such that his opinion will most likely assist the trier of fact in arriving at the truth'" (quoting *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857-58 (8th Cir. 1975)). "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Robinson*, 447 F.3d at 1101.

Here, Dr. Wood has specialized knowledge, experience, and education that will help the jury understand the evidence and determine a critical issue in this case — whether the subject window blind was unreasonably dangerous to children in the manner alleged by Plaintiffs at the time it was manufactured. Dr. Wood received her Ph.D. in Experimental Psychology from Stanford in 1974 and has worked in the field of human factors for over 20 years. "The field of human factors is [defined as] the scientific study of the limitations and capabilities of people as they use products, machines, and systems in their environments." (Ex. A, Rep. Wood at 1.)

Throughout her career, Dr. Wood has devoted much of her research to child development and safety as they relate to consumer products. Dr. Wood has specialized experience investigating the accident patterns that are unique to children and the effectiveness of strategies used to reduce child injury. For more than twenty years, Dr. Wood has examined various product design strategies intended to reduce the likelihood of dangerous interaction between children and consumer products, while retaining the utility of those products to adults. Furthermore, Dr. Wood has published peer-reviewed papers discussing, among other things, her studies of child development and the effectiveness of product design as it relates to children. (Rep. Wood at 1; Ex. B, *Curriculum Vitae* at 2-5, citing Wood *et al.*, Using risk analysis to reduce the hazards on playgrounds, *Proceedings*, National Manufacturing Week Conference,

Chicago, Ill. (Mar. 1998); Wood *et al.*, Children's Use of Various Internal Automobile Trunk Release Mechanisms Intended to Reduce Child Entrapment Risk, *Proceedings of the Human Factors and Ergonomics Society 43rd Annual Meeting*, 912-15 (1999); Wood, Design challenges to the use of child resistance as a safety strategy, *Proceedings*, Human Factors and Ergonomics Society Annual Meeting, 442-46 (Oct. 1997).)  Dr. Wood has also conducted tests of young children to investigate their patterns of interactions with various products, including toys, play yards, high chairs, child car seats, and controls inside motor vehicles.  (Rep. Wood at 1; *Curriculum Vitae* at 1-2.)  She has worked with manufacturers of products to analyze product design as it relates to the safety and protection of children.  Her studies have been peer-reviewed, published, and presented at conferences.  (*See e.g.*, Ex. C, Wood *et al.*, Children's Use of Various Internal Automobile Trunk Release Mechanisms Intended to Reduce Child Entrapment Risk, *Proceedings of the Human Factors and Ergonomics Society 43rd Annual Meeting*, 912-15 (1999) (presenting results of studies conducted for General Motors on emergency-release mechanisms for children stuck in the trunk of a vehicle).)

Because of her extensive knowledge, experience, and studies in the fields of human factors and child development and deterrence as they relate to product design, Dr. Wood is uniquely qualified to opine on the design of the subject window blind and how C.R. interacted with it.  Accordingly, Dr. Wood's third opinion is admissible.

## II.    DR. WOOD'S OPINION IS UNQUESTIONABLY RELEVANT.

Dr. Wood's opinion is relevant because it will assist the jury in determining whether the subject window blind was unreasonably dangerous or defective at the time of its manufacture. To satisfy relevancy, an expert's testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (relevancy "is whether the opinion offered by the expert is

sufficiently related to the facts of the case such that it will aid the jury in resolving the factual dispute").

In a products liability case, expert opinions are especially useful because jurors "are not likely to possess 'common understanding' about how products are designed." *Dancy v. Hyster Co.*, 127 F.3d 649, 653 (8th Cir. 1997). "These are matters the jury is required by law to consider in determining whether a defect exists, and without evidence on the point the jury would be doing nothing more than speculating-which, of course, cannot be allowed." *Id.* at 654 n.4. Furthermore, expert testimony is helpful when "jury questions exist on what the applicable industry standards were at the time of the accident and whether the [product] complied with those standards." *Williams v. MD Cowan, Inc.*, No. 4:09-cv-459-DPM, 2011 WL 4527361, at *5-6 (E.D. Ark. Sept. 29, 2011) (denying motion to exclude human factors expert as improperly invading the province of the jury); *cf. Baker v. Bridgestone/Firestone Co.*, 966 F. Supp. 874, 874 (W.D. Mo. 1996) ("In Missouri, a Plaintiff alleging strict liability and negligence in a product liability case must show that the defective product was placed in the stream of commerce by the defendant and that it was defective at that time.").

Plaintiffs argue that Dr. Wood's opinion is not relevant because "Dr. Wood simply reviews documents and testimony in the record of this case, sets forth a factual narrative with a spin towards Defendants' position, and reaches a conclusion the jury is perfectly capable of reaching on its own."[1] (Pls.' Mem. 8.) Plaintiffs rely on three cases, *Lee*, *Fisher*, and *Rezulin*, but none of these decisions is relevant to the issues here. *Lee v. Andersen*, 616 F.3d 803, 809

---

[1] Interestingly, Plaintiffs challenge Dr. Wood's opinion when their experts have rendered opinions on the same ultimate issue after conducting a similar review of the same documents and testimony. Thus, if Dr. Wood's opinions invade the province of the jury and do not satisfy the relevancy requirements of Rule 702, the same is true for Plaintiffs' experts' opinions. (*See* Def.'s Mot. Exclude, ECF Nos. 78, 80.)

(8th Cir. 2010) (excluding expert who enlarged pictures to testify whether an individual had a gun and "[w]hen asked what methods and principles he used to interpret images, Dierks replied that the first method is 'simple observation'"); *Fisher v. Ciba Specialty Chem. Corp.*, 238 F.R.D. 273 (S.D. Ala. 2006) (excluding an administrative law attorney in motion for class certification, asking, "How does this purported expert report differ from a supplemental brief submitted by another lawyer for plaintiffs?"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 n.40 (S.D.N.Y. 2004) (excluding experts "who propose improperly to assume the role of advocates for the plaintiffs' case by arguing as to the intent or motives underlying the conduct of Warner-Lambert or others, a transgression that has resulted in the exclusion of 'expert' testimony as to the 'real motive' behind certain business transactions," and who "admitted that the testimony he proposes to give in this case is based on a series of inferences with no basis in fact or scientific method").

Unlike these cases, Dr. Wood is not making "simple observations" about evidence in the record.  Nor is she setting forth an inaccurate or incomplete factual narrative meant to advocate for Newell.  Instead, Dr. Wood conducted a thorough analysis of the discovery in this case, other accident reports, government reports, industry association reports, standards publications, and academic articles.  She applied her specialized knowledge and expertise in human factors, child development, and child interaction with consumer products to these materials.  Her opinion that the subject window blind was not unreasonably dangerous or defective at the time of its manufacture based on what was known then about how children interacted with corded window coverings is well grounded.  She has substantial experience in researching and understanding how children interact with products placed in their environment.  As such, Dr. Wood's opinion

will assist the jury in determining an ultimate fact in issue.   Accordingly, Dr. Wood's third opinion is relevant and therefore admissible.

## CONCLUSION

Dr. Wood's opinion is relevant and helpful based on her exemplary qualifications and thorough analysis of the window blind hazards known at the time of manufacture.  For this reason, Defendant Newell Window Furnishings, Inc. respectfully requests that this Court deny Plaintiffs' Motion to Exclude Testimony of Defendants' Expert Christine Wood.

Respectfully submitted,

By:      /s/ Holly A. Podulka

Kevin P. Krueger, #03319
Natalie J. Kussart, #59622MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  kkrueger@sandbergphoenix.com
             nkussart@sandbergphoenix.com

Joseph J. Krasovec III, *pro hac vice*
Holly A. Podulka, *pro hac vice*
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (Fax)
E-mail:  jkrasovec@schiffhardin.com
             hpodulka@schiffhardin.com

*Attorneys for Defendant*
*Newell Window Furnishings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on June 25, 2012, she filed the foregoing and this Certificate of Service with the Clerk of the Court via the Case Management/Electronic Case Filing (CM/ECF) system, which will provide electronic notice to all counsel of record.

/s/ Holly A. Podulka

CH2\11433027.3