UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIARA ROBINSON, as next friend and natural mother of C.R. ROBINSON, TIARA ROBINSON, individually, and ORLANDUS ROBINSON, individually, <br><br>Plaintiff(s), <br><br>vs. <br><br>NEWELL WINDOW FURNISHINGS, INC., <br><br>Defendant(s). | Case No. 4:10CV1176 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Newell Window Furnishings, Inc.'s ("Newell") Motion for Summary Judgment, filed May 10, 2012.[1] (ECF No. 70). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs Orlandus and Tiara Robinson are the parents of three children, including Plaintiff C.R., who was born on March 16, 2006. (Newell's Statement of Uncontroverted Material Facts, ¶ 1). In the spring of 2009, Plaintiffs moved into a house located at 1541 Bayonne Drive, St. Louis, Missouri. (Id., ¶ 2). On July 7, 2009, Tiara Robinson was cooking breakfast, and Orlandus Robinson was watching television. (Plaintiffs' Statement of Additional Material Facts in Opposition to Defendants' Motion for Summary Judgment, ¶ 2). C.R. and her younger brother were playing, going back and forth between the family room/kitchen area where Tiara and Orlandus Robinson were located, and her brother's bedroom a short distance down the hall. (Id.). When Tiara Robinson

---

[1] J.C. Penney Corporation originally joined in Newell's Motion for Summary Judgment. Plaintiffs voluntarily dismissed J.C. Penney Corporation as a Defendant in this matter on June 4, 2012. (ECF Nos. 77, 94).

heard one of the children playing with the blinds, she asked her husband to go check on C.R. (Id., ¶ 3). Upon doing so, Orlandus Robinson found C.R. caught in the inner cord of a one-inch horizontal mini-blind. (Id., ¶¶ 1, 3). Plaintiffs maintain that as a result of this accident, C.R. suffered catastrophic brain injury, cerebral palsy, and spastic quadriplegia, among other serious and permanent injuries. (Amended Complaint, ¶ 5).

Plaintiffs filed their original Petition in this matter on March 29, 2010, in the Circuit Court of St. Louis County, Missouri. (Notice of Removal, ¶ 1). Newell removed the action to this Court on July 1, 2010. (ECF No. 1). In Count I of their Amended Complaint, filed August 18, 2010, Plaintiffs allege Strict Liability against Newell. (Amended Complaint, ¶¶ 7-19). Specifically, Plaintiffs allege the corded window covering at issue, designed, manufactured, fabricated, assembled, distributed, marketed and/or retailed by Newell, was unreasonably dangerous and defective in one or more of the following respects:

- a. The window covering did not have proper warnings and/or warnings permanently affixed to the blind and/or information on or with the window covering properly warning of the strangulation hazards associated with the product;

- b. The product had a pull cord and lift cords with exposed cord lengths in excess of 7 1/4 inches which posed an unreasonable risk of strangulation;

- c. The window covering did not have a lift system that would eliminate cords and/or the risk of strangulation;

- d. The window covering did not have adequate safety devices to reduce access to and/or eliminate loops and/or cord hazards of the window covering;

- e. The window covering system contained cords not necessary for the operation of the product;

- f. The product failed to contain inner cord stops or cord cleats so as to reduce access or eliminate loop formation; and

- g. The product was sold without adequate consideration or warning regarding the suitability of a product for use in houses with small children.

(Id., ¶¶ 9, 10). In Count III, Plaintiffs allege Newell failed to use ordinary care in the design, fabrication, manufacture, assembly, testing, labeling, distributing, marketing and/or retailing of the window covering and its component parts so as not to injure or kill its users, in one or more of the following respects:

    a. Defendant was negligent in allowing the product to be sold without safety devices and/or mechanisms to prevent the possibility of strangulation;

    b. Defendant was negligent in allowing the product to contain cords capable of forming an exposed loop in excess of 7 1/4 inches which pose an unreasonable risk of strangulation;

    c. Defendant negligently failed to include proper warnings permanently affixed to the window covering and/or failed to provide adequate information regarding the possible strangulation hazards associated with the product and/or the fact that the product in question was unsafe for use in homes where small children might be present;

    d. Defendant negligently failed to utilize a lift cord system that would eliminate cords and/or the risk of strangulation;

    e. Defendant failed to take adequate measures to redesign its product to avoid the risk of strangulation;

    f. Defendant negligently failed to modify, retrofit and/or adequately recall a known defective product sold by it, having undertaken to do so;

    g. Defendant's product was negligently manufactured and sold in a condition such that it failed to perform safely as an ordinary consumer would expect when the product was used in a reasonably foreseeable manner; and

    h. Defendant failed to consult as to the product most suitable for their application and failed to consult regarding alternate feasible designs and cordless alternatives, and failed to advise that the product in question was unsafe in a home where children would be present, and failed to stock appropriate cordless alternatives.

(Id., ¶ 37). In Count V, Plaintiffs allege the window covering was rendered unreasonably dangerous and defective, as it lacked an adequate and permanent warning to consumers when it left the control

of Newell, and it failed to contain adequate instructions or warnings concerning safe methods of installation and use, and/or the dangers referenced in Plaintiffs' Complaint. (Id., ¶¶ 50, 51).

As stated above, Newell filed the instant Motion for Summary Judgment on May 10, 2012, claiming there exist no disputed issues of material fact and it is entitled to judgment as a matter of law. (ECF No. 70).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson,

477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

**DISCUSSION**

In its Motion for Summary Judgment, Newell contends the alleged defect underlying all Plaintiffs' claims is a risk of child strangulation in its window covering due to inadequate childproofing. (Newell's Memorandum in Support of its Motion for Summary Judgment, P. 1). Newell thus maintains that it is entitled to summary judgment, because under Missouri law a manufacturer of products not intended for use by children has no legal duty to childproof its products. (Id.).

In their response to Newell's motion, Plaintiffs assert (a) the product in question is not an "adult use" product, and (b) Plaintiffs' allegations of defect do not relate to childproofing. (Plaintiffs' Memorandum in Opposition to [Newell's] Motion for Summary Judgment ("Plaintiffs' Opp."), PP. 3-12). The Court will address Plaintiffs' contentions in turn.

**A.   Was The Window Covering At Issue An "Adult Use" Product?**

In Brawner v. Liberty Industries, Inc., the Missouri Court of Appeals held that a product made for adult use may not be deemed defective and unreasonably dangerous "solely because it has not been made child-proof." Brawner v. Liberty Industries, Inc., 573 S.W.2d 376, 378 (Mo. App. 1978). The product at issue in Brawner was a gasoline container that did not have a child-proof spout. Id. at 377. This principle was applied in Eads v. Bic Corp., 740 F.Supp. 1433 (W.D. Mo. 1989) (no duty to render a disposable butane lighter childproof), and Sedlock v. Bic Corp., 741 F.Supp. 175 (W.D. Mo. 1990) (same).

In the instant case, the product at issue is a mini-blind. Plaintiffs assert this distinction is significant, as Newell's own witnesses acknowledge that mini-blinds are "a family use product."

- 5 -

(Plaintiffs' Opp., P. 5). Plaintiffs further present evidence (albeit disputed) that Newell's mini-blinds were designed to be safe for the entire family, and in fact were marketed at times as being used in children's room and in children's play. (Id., PP. 5-6). Under these circumstances, the Court agrees with Plaintiffs that the question whether Newell's mini-blinds were designed to be an adult-use product, and thus exempt from any requirement of child-proofing, is best left to the trier of fact.

### B.  Do Plaintiffs' Allegations Of Defect Relate To Childproofing?

Plaintiffs next assert that Newell's Motion for Summary Judgment must fail, as Plaintiffs' allegations of defect do not relate to childproofing. (Plaintiffs' Opp., PP. 9-12). Upon consideration, the Court finds that while Counts I, III and V may contain claims the mini-blind at issue was negligently and defectively designed for failure to render it childproof[2], they also contain claims of negligent and defective design that are not restricted to use by children. Newell's "no duty to childproof" defense may not defeat a claim of defect directed to persons generally. See Eads, 740 F.Supp. at 1435; Sedlock, 741 F.Supp. at 176-177 ("Whether the [product at issue] was negligently or defectively designed apart from the child proofing issue is a separate question to be resolved at a later date."). Newell's Motion for Summary Judgment must therefore be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Newell Window Furnishings, Inc.'s Motion for Summary Judgment (ECF No. 70) is **DENIED**.

Dated this 10th day of July, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Under the reasoning in Section (A), supra, summary judgment is not appropriate for any such claims.