UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIARA ROBINSON, as next friend and natural mother of C.R. ROBINSON, TIARA ROBINSON, individually and ORLANDUS ROBINSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>NEWELL WINDOW FURNISHINGS, INC. *et al.*<br><br>Defendants. | Cause No. 4:10-CV-01176 JCH |

### PETITION FOR AUTHORITY TO FUND THE TIARA ROBINSON AND ORLANDUS ROBINSON IRREVOCABLE TRUST PURSUANT TO § 475.092 R.S.MO

COME NOW Petitioners, Tiara Robinson, as next friend and natural mother of C.R. Robinson, Tiara Robinson individually, and Orlandus Robinson, individually, by and through their counsel, and for their Petition for Authority to fund the Tiara Robinson and Orlandus Robinson Irrevocable Trust pursuant to §475.092 R.S.Mo state the following:

1. Petitioner Tiara Robinson is the next friend and natural mother of C.R. Robinson, having been duly appointed by this Court in Cause No. 4:10-CV-01176 JCH. Orlandus Robinson is the natural father of C.R. Robinson.

2. C.R. Robinson is six years old.

3. Tiara Robinson is 27 years old.

4. Orlandus Robinson is 30 years old.

5. Tiara Robinson and Orlandus Robinson have received in excess of Twenty-Five Thousand Dollars ($25,000.00) for settlement for injuries sustained by their daughter, C.R. Robinson, as a result of the Defendants' alleged negligence, in *Tiara Robinson, et al. v. Newell Window Furnishings, Inc., et al.*, Cause No. 4:10-CV-01176 JCH, in United States District Court, Eastern District of Missouri, Eastern Division.

6. Petitioners believe that it is in their best interests to establish an Irrevocable Discretionary Trust with the proceeds of the personal injury settlement, providing the Trustee, Edward Jones Trust Company, with discretion to make distributions. This would allow the family of Tiara and Orlandus Robinson to obtain public or medical assistance benefits, if necessary, and conserve their remaining assets from the settlement for such of the needs of their family as may remain unmet by public or medical assistance.

7. The Tiara Robinson and Orlandus Robinson Irrevocable Trust complies with the court mandate of *Tidrow v. Director Missouri State Division of Family Services.* 688 S.W. 2nd 9 (Mo. App. 1985) and this trust will not prevent the Robinson family from receiving medical assistance benefits from the State of Missouri. Tiara Robinson and Orlandus Robinson will have no right to demand funds from the trust. A copy of the Tiara Robinson and Orlandus Robinson Irrevocable Trust is attached hereto and incorporated herein by reference as Exhibit "A."

8. Petitioners believe that it would be in their best interests for this Court to authorize the funding of the Tiara Robinson and Orlandus Robinson Irrevocable Trust with the monies received from the settlement for Tiara Robinson and Orlandus Robinson, with Edward Jones Trust Company as Trustee. That §475.092 of the Missouri Revised Statutes grants the Court the authority to order the funding of the Tiara Robinson and Orlandus Robinson Irrevocable Trust.

9.   Petitioners request authority from this Court to fund the Tiara Robinson and Orlandus Robinson Irrevocable Trust previously outlined herein.

10.   Petitioners hereby waive a hearing in this matter.

WHEREFORE, Petitioners pray an Order of this Court:

a)   authorizing and directing the funding of the Tiara Robinson and Orlandus Robinson Irrevocable Trust pursuant to §475.092 R.S.Mo;

b)   directing acceptance of said funds by the Trustee, Edward Jones Trust Company;

c)   and for such other and further orders as the Court deems just and proper.

The undersigned swear that the matters set forth above are true and accurate to the best knowledge, information; and belief of the undersigned, subject to penalties for making a false affidavit or declaration.

*[signature]*

TIARA ROBINSON,
individually, and as next friend and natural mother of ▓▓▓▓▓▓▓,
Petitioner

*[signature]*

ORLANDUS ROBINSON,
individually, and as natural father of ▓▓▓▓▓ ▓▓▓▓▓,
Petitioner

MARTHA C. BROWN & ASSOCIATES, LLC

*[signature]*

M. Brigid Fernandez, FBE 58711 MO
220 W. Lockwood Ave, #203
St. Louis, Missouri 63119
(314) 962-0186
(314) 962-1298 (fax)
bfernandez@elderlawstlouis.com
of counsel to Attorneys for Plaintiffs

# Tiara Robinson and Orlandus Robinson Irrevocable Trust
# Dated September 14, 2012

PREPARED BY

**MARTHA C. BROWN & ASSOCIATES, LLC**
220 W. Lockwood, Suite 203
WEBSTER GROVES, MISSOURI 63119
(314) 962-0186

Copyright © 2011 Martha C. Brown & Associates, LLC



EXHIBIT A

# TIARA ROBINSON AND ORLANDUS ROBINSON IRREVOCABLE TRUST

This is a Trust Agreement made by **TIARA ROBINSON** and **ORLANDUS ROBINSON**, of St. Louis County, Missouri, as the "Creator," and **EDWARD JONES TRUST COMPANY**, who, with all successors in trust, is called the "Trustee." The terms "Creator" and "Trustee" shall include the original Creator or Creators and the original Trustee or Trustees and all successor or additional Trustees without regard to number or gender.

## 1. The Trust Fund

1.1. _Initial Funding_. The Creator shall initially fund this Trust with assets owned by the Creator and described in **Schedule "A"** attached hereto.

1.2. _Additional Funding_. The Trustee may accept property from any source, except from the Primary Beneficiary, and upon any terms, but no property may be added, if the Trustee believes it will not be in the best interest of the Primary Beneficiary.

1.3. _Irrevocability_. The Creator hereby relinquishes all power to alter, amend, or revoke any provisions of this Trust Agreement. This Trust Agreement shall be irrevocable. The Trustee, however, may at any time, or from time to time, amend any administrative provisions of this Trust by any instrument in writing signed and acknowledged by the Trustee. For purposes of the foregoing, the term "administrative provision" refers to any provision of the Trust dealing with the management and administration of the Trust and in no event shall any such amendment affect, enlarge, or shift any beneficial interests created hereunder.

1.4. _Beneficiary_. This is an irrevocable Trust for the benefit of **TIARA ROBINSON** and **ORLANDUS ROBINSON**, who may hereinafter be known as the "Primary Beneficiary" hereunder. The term "Primary Beneficiary" shall include **TIARA ROBINSON** and **ORLANDUS ROBINSON** without regard to number or gender.

1.5. _Name of Trust_. This Trust may be designated the **TIARA ROBINSON AND ORLANDUS ROBINSON IRREVOCABLE TRUST**.

## 2. Discretionary Decisions of Trustee

The Primary Beneficiary has no entitlement to the income or corpus of this Trust, except as the Trustee, in the Trustee's complete, sole, absolute, and unfettered discretion, elects to disburse. In this regard, the Trustee may act unreasonably and arbitrarily, as if the Creator could if the Creator were living and in control of these funds. The Trustee's discretion in making nonsupport disbursements as provided for in this Trust Agreement is final as to all interested parties, including the state or any governmental agency or agencies, even if the Trustee elects to make no disbursements at all. The Trustee's sole and independent judgment, rather than any other parties' determination, is intended to be the criterion by which disbursements are made. No court or any other person should substitute its or their judgment for the discretionary decision or decisions made by the Trustee. The Creator shall have no right to demand withdrawal of principal or interest.

3. **Payment of Income and Principal**

    3.1. <u>Discretionary Payment of Income and Principal</u>. The Trustee may pay the Primary Beneficiary or may pay on the Primary Beneficiary's behalf as much of the income or principal of the Trust as the Trustee shall determine in the Trustee's sole and nonreviewable discretion. Whenever the Trustee has discretion to pay income or principal to the Primary Beneficiary, the Trustee may make the payments at any time, in any amounts and proportions, and for any purposes as the Trustee considers advisable. The Trustee may take into account any factors the Trustee considers appropriate. Neither the Primary Beneficiary nor any person acting on the Primary Beneficiary's behalf as Guardian, Conservator, Guardian ad Litem, Attorney or Agent, except for the Trustee alone, shall have any right, power or authority to liquidate the Trust, in whole or in part, or to require payments from the Trust for any purpose. The Trustee is directed to conserve and accumulate the Trust estate to the extent feasible, due to the unforeseeability of the Primary Beneficiary's future needs. However, accumulation or use of the Trust is to be determined solely on the basis of the needs of the Primary Beneficiary, without regard to the interests of the remaindermen.

    In the event the Primary Beneficiaries of this Trust, namely **TIARA ROBINSON** and **ORLANDUS ROBINSON**, are no longer married or are legally separated, then the Trustee, in the Trustee's sole and nonreviewable discretion, may divide any such payments of income or principal as set forth in this **Paragraph 3.1** into equal shares, and distribute said shares to **TIARA ROBINSON** and **ORLANDUS ROBINSON**.

    3.2. <u>Undistributed Income</u>. Any income received by the Trustee not distributed to or for the benefit of the Primary Beneficiary shall be added annually to the Trust's principal.

    3.3. <u>Spendthrift Provision</u>. No part of this Trust, neither principal nor income, shall be subject to anticipation or assignment by the Primary Beneficiary nor shall the Trust corpus or income be subject to attachment by any public or private creditor of the Primary Beneficiary; nor may the Trust principal and income be taken by any legal or equitable process by any voluntary or involuntary creditor, including those that have provided for the Primary Beneficiary's support and maintenance. Further, under no circumstances may the Primary Beneficiary compel distributions from this Trust.

4. **Termination of the Trust**

    4.1. <u>Distribution Upon Death of Primary Beneficiary</u>. This Trust shall terminate upon the death of the surviving Primary Beneficiary, at which time the Trustee shall pay any remaining principal and undistributed income as follows:

    (a) in equal shares to the then living lineal descendants of **TIARA ROBINSON** and **ORLANDUS ROBINSON**, subject to **Paragraphs 4.1(b) and 4.3**;



    (b) any distribution intended for ▇▇▇▇▇▇▇▇ shall be held IN TRUST in a third-party special needs trust for the benefit of ▇▇▇▇▇▇▇▇, the purpose of which is to supplement, but not to supplant, whatever benefits and services ▇▇▇▇▇▇▇▇ may, from time to time, be eligible to receive by reason of age, disability, or other factors, from federal, state, and local governmental and charitable sources; the intent being to supplement whatever government benefits ▇▇▇▇▇▇▇▇ may be entitled to receive. Any distribution from this trust is subject to the terms set forth in **Section 2** and **Section 3** herein.

*Tiara Robinson and Orlandus Robinson Irrevocable Trust*

4.2. <u>Distribution If No Beneficiary Living</u>. If at any time no person is living who is eligible to receive property under the foregoing provisions of this **Section 4**, the Trustee shall equally divide the remaining property and distribute such property to the persons who would be entitled to receive the property under the laws of the State of Missouri then in force and in the proportions prescribed by such laws as if each Primary Beneficiary had then died intestate and a resident of the State of Missouri.

4.3. <u>Payments to Persons Under Twenty-Five (25) Years or Unable to Manage Their Affairs</u>. If a person becomes entitled to any income or principal before reaching the age of twenty-five (25) years, or while, in the Trustee's opinion, a beneficiary is unable to manage his or her affairs because of physical condition or mental incapacity, whether or not he or she has any legal Guardian or Conservator: (a) the Trustee may pay all or any part of the property to the person or use or distribute it for his or her benefit without liability to see to the application of the payment; and (b) if the Trustee elects to set apart a separate Trust, the Trustee may accumulate or retain all or any part of the property or income therefrom in trust and later may pay it as provided in clause (a). When the person under the age of twenty-five (25) years reaches that age, or when the Trustee considers the incapacitated person to be able to manage his or her affairs, the Trustee shall pay the remaining principal and undistributed income held for such person to the person. If a person for whom property is held in trust under clause (b) dies, the Trustee shall pay the remaining Trust property to the person's issue then living, per stirpes, or, if none, to the issue then living, per stirpes, of the person's parents, or, if none, to the person's estate. This **Paragraph 4.3** shall not apply to the Primary Beneficiary's interest in the Trust during the Primary Beneficiary's life.

5. **<u>The Trustee</u>**

   5.1. <u>Appointment of Trustee</u>.

   (a) At present the Trustee is **EDWARD JONES TRUST COMPANY**. The term "Trustee" includes the original Trustee and all successor or additional Trustees.

   (b) The Creator shall appoint any successor and/or additional Trustees; otherwise, the successor Trustee shall be, and/or additional Trustees may be appointed as follows:

      (i) by the remaining Trustee or Trustees, or, if none, by the resigning Trustee; provided that any successor individual Trustee shall serve with a corporate Trustee or,

      (ii) if there is no remaining or resigning Trustee, by the Probate Court of St. Louis County, State of Missouri.

   (c) The Primary Beneficiary may not serve as Trustee. A successor Trustee need not be appointed if at least one (1) Trustee continues to serve.

   (d) The appointment of a Trustee shall be effective upon acceptance.

   (e) Should the corporate Trustee change its corporate character, through a merger, acquisition or any other form, in any manner whatsoever, the Trustee shall seek the approval of the Circuit Court of St. Louis County, State of Missouri.

5.2. Removal or Resignation of Trustee.

(a) Any Trustee may be removed on thirty (30) days' written notice to that Trustee by the Creator, provided that after such removal there shall be an independent Trustee serving. An independent Trustee is an individual or an institution who has no beneficial interest in the Trust, who is a bank or trust company, a professional Trustee, investment advisor or manager, investment banker, accountant or lawyer, and who is not related or subordinate to the Primary Beneficiary or the Primary Beneficiary's spouse, or any of the Primary Beneficiary's children as defined in Section 672(c) of the Internal Revenue Code of 1986, as amended. At no time shall two (2) separate corporate Trustees serve as co-Trustees.

(b) A Trustee may resign by giving thirty (30) days' written notice to the Creator or, if there are no persons so qualified, to the remaining or succeeding Trustees, provided that the resignation of a sole remaining Trustee shall become effective only upon the appointment or acceptance of a successor independent Trustee.

(c) The appointment of a Trustee shall be effective upon acceptance.

5.3. Additional Trustee Provisions.

(a) Each appointment, removal, resignation, acceptance, or notice under this **Section 5** shall be in writing and, without affecting the validity of any action, copies shall be given to all of the Trustees. Any notice may be waived by the person to whom it is to be given.

(b) Each successor or additional Trustee, whether or not named by the Creator, shall have all of the rights and powers of the original Trustee, except as limited by this Agreement or by law. Title to the Trust fund shall vest in each successor or additional Trustee by virtue of the Trustee's appointment and acceptance without any further instrument of transfer or conveyance.

(c) When there is a vacancy, the remaining Trustee or Trustees shall act alone until the vacancy has been filled, unless disqualified from acting by this Agreement or by law. During the absence or disability of any Trustee, the remaining Trustee or Trustees, except where disqualified, may act alone subject to any limitations imposed in writing by the absent or disabled Trustee.

(d) Anyone dealing with the Trust property may rely on an instrument in writing signed by any Trustee as to the Trustee's authority to act on behalf of the Trust.

5.4. General Powers of Trustee.

In addition to all common law and statutory authority, including but not limited to the Uniform Trust Code of the State of Missouri as provided in §456.001 and §456.1-101 through §456.11-1106, the Trustee, except as otherwise provided and subject to the limitations created in this Trust Agreement, shall have power without approval of any court in any manner it considers advisable:

(a) to retain any property in the form in which it is received;

    (b) to repair, insure, or otherwise care for any tangible personal property and to pay any shipping or other expenses relating to the property as the Trustee deems advisable;

    (c) to abandon any property the Trustee considers worthless;

    (d) to invest income and principal without being subject to legal limitations on investment by fiduciaries;

    (e) to sell, mortgage, exchange, lease, or otherwise dispose of or encumber any property on any terms, no purchaser being bound to see to the application of any proceeds and whether or not the effect thereof extends beyond the term of this Trust;

    (f) to keep property in the name of a nominee;

    (g) to retain the services of a Professional Benefits Counselor to assist in maximizing the benefits available to the Primary Beneficiary, including but not limited to those benefits provided by governmental agencies, and to provide guidance to maintain the Primary Beneficiary's eligibility for said benefits. Trustee shall pay all costs in connection with the Benefits Counselor.

    (h) to pay, compromise, or contest claims or controversies involving the Trust, including claims for taxes;

    (i) to determine what part of the Trust property is income and what part is principal;

    (j) to exercise all of the rights that may be exercised by any security holder in an individual capacity and to delegate any such rights;

    (k) to borrow any amounts;

    (l) to allocate to or toward satisfaction of any payment, distribution, or division, pro rata or non-pro rata, any property in the estate at the then current fair market value determined by the Trustee;

    (m) to hold Trusts and shares undivided or at any time to hold the same or any of them separate;

    (n) to retain any investment counsel and advisors, accountants, depositories, custodians, brokers, attorneys, and agents and to pay them the usual compensation for their services, to accept and act upon the recommendations of investment counsel and advisors, and to delegate any ministerial or discretionary powers to any investment counsel and advisors, custodians, brokers, or agents retained by the Trustee; and

    (o) to invest in non-income producing property or assets with little or no growth potential so as to meet the purposes of this Trust.

5.5. <u>Bonds and Accounts</u>. No Trustee shall be required to give bond, or, if a bond is required by law, no sureties on the bond shall be required.

5.6. <u>Delegation Among Trustees</u>. Any Trustee may delegate to any other Trustee acting under this Agreement, if any, the power to exercise any or all powers granted to the Trustee in this Agreement, including those that are discretionary. The Trustee may revoke any such delegation at will. The delegation of any such power, as well as the revocation of any such delegation, shall be evidenced by an instrument in writing executed by the delegating Trustee. So long as any delegation is in effect, any of the delegated powers may be exercised by the Trustee receiving such delegation with the same force and effect as if the delegating Trustee had personally joined in the exercise of such power.

5.7. <u>The Trustee's Fee</u>. The Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with the Trustee's fiduciary duties performed under this Agreement. Any corporate Trustee shall be entitled to compensation based on its regular fee schedule then in force. Any individual serving as Trustee shall serve out of love and affection.

5.8. <u>Majority Required for Control</u>. The concurrence and joinder of a majority of the Trustees, if more than one (1) Trustee is acting, shall control in all matters pertaining to the administration of the Trust created under this Agreement. If only two (2) Trustees are acting, the concurrence and joinder of both shall be required. When more than two (2) Trustees are acting, any dissenting or abstaining Trustee may be absolved from personal liability by registering a dissent or abstention with the records of the Trust; the dissenting Trustee shall thereafter act with the other Trustees in any manner necessary or appropriate to effectuate the decision of the majority.

5.9. <u>Real Property and Environmental Matters</u>. The Trustee shall have the following rights and powers with regard to real property, operating business, and environmental matters:

(a) The right to inspect all real property and business Trust assets and to require the Trust to pay reasonable costs of determining the existence and nature of any real or potential hazardous wastes on or in such real property prior to accepting the role and responsibility of Trustee hereunder.

(b) As Trustee, the right and power to inspect all real property Trust assets and to take all and any reasonable steps, at Trust expense, to prevent, stop, or abate any actions or conditions that constitute or may constitute violations of any environmental legislation or regulation.

(c) The Trustee shall also be held harmless and indemnified with regard to any claims that may arise with regard to real property or business Trust assets, regardless of when allegedly violative actions were taken with regard to such real property and regardless of by whom such actions were taken. The Trustee shall similarly be held harmless and indemnified for any liability or costs or expenses that may arise from hazardous waste and other environmental legislation or litigation. It is the Creator's intent and direction that the Trustee suffer no personal financial exposure or risk on account of such environmental issues while serving as Trustee.

6. <u>**Special Provisions Governing the Administration of this Trust When Edward Jones Trust Company is Serving as Trustee**</u>

During any period in which Edward Jones Trust Company is serving as a trustee of this trust, the provisions set forth in this Article shall control. The provisions are as follows:

(a) **Special Provisions Relating to Edward Jones Trust Company.**
Grantor recognizes that EDWARD JONES TRUST COMPANY is a subsidiary of the Jones Financial Companies, L.L.L.P., a Missouri limited liability limited partnership, domiciled in the state of Missouri. While EDWARD JONES TRUST COMPANY is serving as a Trustee hereunder; the following additional provisions shall apply, and to the extent of any inconsistency between the following provisions and the other provisions of this document, these provisions shall control.

(1) **Permitted Activities.** EDWARD JONES TRUST COMPANY and any subsidiary or affiliate of the Jones Financial Companies, L.L.L.P. (hereinafter referred to collectively as an "Affiliate") may deal between such trust estate and themselves or any other Affiliate in any principal or agency transaction, either party acting in any capacity, in buying, selling, pledging, leasing, and exchanging assets, in furnishing or receiving goods, services, or facilities, and in borrowing or lending funds or participating in other extensions of credit when, in their discretion, such transaction shall be in the best interests of the beneficiaries of the trust. The foregoing shall apply regardless of any compensation, gain, or profit derived by any Affiliate acting in any capacity in connection with any such transaction. Any Affiliate may furnish services to any trust estate created in this trust instrument in any capacity as may be necessary or desirable in the Trustees' sole discretion for the proper management, protection and sale or other disposition of any part of the trust estate, and may receive customary and reasonable compensation for services in any such capacity without reduction for any compensation paid to EDWARD JONES TRUST COMPANY for its services as Trustee. Edward Jones Trust Company may, from time to time, hold or invest assets in mutual funds, money market funds, annuities, or other investments. The fund management companies and their affiliates engaged in operating and distributing such funds or investments receive various commissions or fees for their services as described in the respective funds' prospectus, and such commissions or fees are separate from and will not affect the fees due Edward Jones Trust Company. A portion of such fees received by the fund management companies and their affiliates may, in turn, be paid to Edward Jones Trust Company or its affiliates, including but not limited to the Edward Jones brokerage firm, for administrative, recordkeeping or shareholder services as and to the extent authorized by Rule 12b-1 under the Investment Company Act of 1940, as amended, or otherwise approved by the fund and its directors. Additionally, Edward Jones Trust Company, or its affiliates, including but not limited to the Edward Jones brokerage firm, may receive certain payments known as "revenue sharing" from certain mutual fund management companies. Such payments may be based on the average asset values or the sales of fund shares during an applicable period. To the extent the above described fees or payments arise from assets held by Edward Jones Trust Company, they may be retained by or credited to the firm without reducing the amount of fees payable to Edward Jones Trust Company by the accounts holding such investments. In the event that any person employed by EDWARD JONES TRUST COMPANY or any Affiliate shall also be acting as an officer or director of any corporation in which the trust may own stock or other securities or as an officer or director of any affiliate of such corporation or may be a candidate for election as such officer or director, such person may act as such officer or director and receive compensation therefor in the same manner as if he or she were not employed by EDWARD JONES TRUST COMPANY or Affiliate, and shall not be disqualified from voting for his or her election to such officer or for membership on the board of

directors by reason of such employment or by reason of receiving compensation for such employment.

**(2) Powers Regarding Affiliates.** EDWARD JONES TRUST COMPANY shall have the following specific powers as to the trust estate and may exercise the same in its sole discretion without court order or approval: (i) to engage the services of any Affiliate, and, without limiting the generality of this authorization, the services of Edward Jones, its main operating subsidiary, with respect to the following matters: (A) To manage or advise on the investments of any trust estate created hereunder; (B) to invest the assets of any trust estate in any financial instrument or investment vehicle sold, managed, advised, or currently distributed, underwritten or issued by any Affiliate, including but not limited to money market funds, mutual funds, and certificates of deposit; provided, however that such investment is a qualified investment for a corporate fiduciary under Missouri law; (C) to act as a broker or dealer to execute transactions and to provide other services with respect to any trust estate, including the purchase of any stocks, bonds or other securities, insurance, annuities and any other financial instruments or investment vehicles currently distributed, underwritten or issued by any Affiliate; (D) to perform trust operations, custody and recordkeeping functions on behalf of EDWARD JONES TRUST COMPANY; and (E) to pay for services rendered by any Affiliate from the assets of the trust estate as an expense of trust administration, without diminution of any payment that EDWARD JONES TRUST COMPANY may receive as trustee, and recognizing that EDWARD JONES TRUST COMPANY may also receive credit or other compensation from any Affiliate for services EDWARD JONES TRUST COMPANY may perform, and may exchange services with any Affiliate; (ii) to cause or permit all or any part of any trust estate to be held, maintained or managed in accounts or deposits administered in any jurisdiction inside or outside the United States of America, and to hold any trust property in the name of its nominee or nominee of any Affiliate; and (iii) to submit to binding arbitration, at its discretion, any claim or dispute that may arise with respect to administration of the trust by EDWARD JONES TRUST COMPANY or any related actions of any Affiliate.

**(3) Appointment of Special Trustee.** EDWARD JONES TRUST COMPANY is authorized to appoint a person or qualified corporation at any time to act as special Trustee (the "Special Trustee") for the administration of property with respect to which EDWARD JONES TRUST COMPANY shall make the determination, in its discretion, that it is not eligible to act or cannot administer in a practicable manner. EDWARD JONES TRUST COMPANY may at any time revoke such appointment. So long as any such appointment is in effect, any power or authority that would be exercisable by EDWARD JONES TRUST COMPANY with respect to the assets to be administered by the Special Trustee may be exercised by the Special Trustee with the same force and effect as if EDWARD JONES TRUST COMPANY had itself taken such action in the absence of any such restriction or limitation. The Special Trustee shall act without bond or security and need not account to any court. The Special Trustee may receive and retain customary and reasonable compensation for services in such capacity in addition to the compensation to which EDWARD JONES TRUST COMPANY is entitled under this instrument.

**(4) Nonpublic Information; No Duty to Act.** EDWARD JONES TRUST COMPANY shall be under no duty and shall not be liable to any beneficiary for failure to buy, sell, or engage in any transaction directly or indirectly involving securities concerning which EDWARD JONES TRUST COMPANY, in its corporate capacity or otherwise, may have acquired any information which has not been disclosed to the public. In this regard, information required by any Affiliate shall not be imputed to EDWARD JONES TRUST COMPANY.

*Tiara Robinson and Orlandus Robinson Irrevocable Trust*

**(5) Indemnification of the Successor Trustee.** Grantor covenants and agrees with EDWARD JONES TRUST COMPANY to indemnify and save and hold it and its Affiliates harmless from and against any and all claims, demands, losses, liabilities, damages and expenses of whatever kind and nature which Grantor or the trust may at any time sustain by reason or in consequence of anything done or omitted with respect to the administration of the trust prior to EDWARD JONES TRUST COMPANY'S receipt of the assets, it being Grantor's intention that EDWARD JONES TRUST COMPANY shall be accountable only from the date it receives the assets of the trust as evidenced by the periodic customer trust account statement.

**(6) Acceptance of Certain Trust Property and Indemnification for Environmental Expenses.** Except as otherwise specifically agreed to by EDWARD JONES TRUST COMPANY, it shall not be deemed to have accepted title to, and shall not act or be obligated to act in any way as a fiduciary with respect to, any real property, including any real property owned or operated by a sole proprietorship, general or limited partnership, limited liability company, or closely held corporation or any interest in any such business enterprise, which is or may become an asset of the trust until (i) an appropriate environmental audit is performed at the expense of the trust to determine that conditions at such real property or operations conducted by such business enterprise are in compliance with state and federal environmental laws and regulations affecting such real property or such business enterprise and (ii) EDWARD JONES TRUST COMPANY has accepted such property as an asset of the trust by a separate writing delivered to the Grantor, if living, or, if not, to the then current income beneficiary or beneficiaries of the trust (or their natural or legal guardians). In all events, EDWARD JONES TRUST COMPANY may decline to accept title to or act in any way as a fiduciary as to any such property which it has determined is or thereafter may be in violation of any such environmental law or regulation but accept appointment as a Trustee as to all other trust property. After its qualification, EDWARD JONES TRUST COMPANY shall have the right to reject any property proposed to be transferred to the trust.

EDWARD JONES TRUST COMPANY shall be held harmless from and shall be indemnified from the trust estate and by Grantor for any liability or expense, including reasonable attorneys' fees, incurred as a result of any violation, actual or alleged, of any environmental law or regulation with respect to any property which EDWARD JONES TRUST COMPANY has actually or allegedly accepted.

EDWARD JONES TRUST COMPANY is expressly authorized to take such remedial action as it in its sole and absolute discretion deems appropriate to prevent, abate, remove or otherwise respond to any actual, threatened, or alleged violation of, or otherwise comply with, any environmental law or regulation, or federal, state, or local agency or Court order, affecting any such property. EDWARD JONES TRUST COMPANY may employ agents, consultants, or legal counsel to assist or perform such action. All costs and expenses incurred by EDWARD JONES TRUST COMPANY in connection with such action shall be paid by the trust or the Grantor. EDWARD JONES TRUST COMPANY also may establish reasonable reserves for the payment of anticipated environmental expenses.

EDWARD JONES TRUST COMPANY shall not be liable to the Grantor, any beneficiary, or any other person for any loss or diminution in the value of the trust resulting from any actual, threatened or alleged violation of any such environmental law or regulation affecting any such property or for the payment of any expense of remediation thereof unless EDWARD JONES TRUST COMPANY contributed thereto by its willful misconduct or gross negligence.

**(7) Notice of Trust Assets Required.** While serving as a Trustee hereunder, EDWARD JONES TRUST COMPANY shall have a duty to administer only those assets of the trust of which it has received written notification of the ownership of such assets by the trust.

**(8) Investment Representative.** Grantor authorizes the Edward Jones investment representative through whom Grantor conducts investment transactions to review, from time to time, all documents and records related to the trust and investments made thereunder. Following the death of Grantor, upon receipt of a written notification from a current income beneficiary of a trust estate held hereunder, the Trustees may provide the Edward Jones investment representative through whom such beneficiary conducts investment transactions to review, from time to time, all documents and records related to such beneficiary's trust estate and investments made thereunder.

**(9) Provisions Relating to Co-Trustee.** At any time while EDWARD JONES TRUST COMPANY is serving as a co-Trustee hereunder with one or more individual Trustees, the individual Trustee(s), by written instrument, may delegate to EDWARD JONES TRUST COMPANY the power to invest and manage trust assets, as well as all or any of the other powers granted by law or enumerated in this instrument. Such delegation shall remain effective for as long as specified therein or until expressly revoked by a written instrument delivered to EDWARD JONES TRUST COMPANY. EDWARD JONES TRUST COMPANY shall maintain physical custody of the trust assets, documents and other records related to and evidencing the trust assets. The individual Trustee(s) shall have access to the trust assets and records and the opportunity to inspect the same during appointment during EDWARD JONES TRUST COMPANY's regular hours of business.

**(b) Governing Law.**

This Trust instrument, its validity, construction and any questions concerning its amendment or revocation shall be governed by the laws of the State of Missouri. The administration of all trust estates created hereunder is to be governed in all respects by the laws of the state in which the Trust is then being administered (based on the location of the principal office of the Trustee then having custody of that Trust's principal assets and records) which state's courts shall have nonexclusive jurisdiction over the administration of that Trust with respect to any period during which it was being administered in that state. The foregoing shall apply even though the situs of some Trust assets or the home or principal place of the Grantors or any other beneficiary may at some time or times be elsewhere.

**(c) Waiver of Accounts and Audits.**

No successor Trustee hereunder shall be required to audit or approve accounts received from a prior trustee. Prior to delivering trust assets to a successor trustee or prior to making any partial or complete distribution of principal under this instrument (other than a distribution that is made in the exercise of the Trustees' discretion and does not terminate a trust estate) the Trustees, as they elect in their sole discretion, (1) may request an approval of the Trustees' accounts and a release and discharge from all beneficiaries that have an interest in the distribution, and if such approval, release and discharge is not granted, may request court settlement of such accounts; or (2) may request court settlement of such accounts. All of the Trustees' fees and expenses (including attorneys' fees) attributable to court approval of such accounts shall be paid by the trust to the extent that the accounts are approved.

## 7. Beneficiaries' Interests and Powers

7.1.   **Interests of Beneficiaries Not to be Alienated**. The interest of any beneficiary under this Agreement shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors.

7.2.   **Disclaimers**. In addition to any power to disclaim conferred by law, any beneficiary (including the Executor or Administrator of a beneficiary's estate) may disclaim in whole or in part any power or interest granted to the beneficiary under this Agreement. If a beneficiary disclaims any interest before having received any benefits of the interest, then the property subject to the interest shall pass as if the beneficiary had died before becoming entitled to it. If a beneficiary releases any interest after having received any benefits of the interest, then the property subject to the interest shall pass as if the beneficiary had then died.

7.3.   **Payments for Beneficiaries**.

(a)   Income payable to a person and income or principal that in the discretion of the Trustee may be paid to a person may be used by the Trustee for the person's benefit whether or not that person is legally competent or under Conservatorship or Guardianship.

(b)   Payments of any amount to be made to a minor may be made to a Custodian for the minor under the Uniform Transfers to Minors Act or any similar statute.

(c)   If property becomes payable to the estate of any person and the Trustee believes there is no duly appointed fiduciary and that none is contemplated, the Trustee may, upon being furnished suitable indemnity, make payment to the persons who the Trustee believes are entitled to the payment, without liability to see to the application of the payment.

7.4.   **Situs of Trust**. All questions of law arising under this Trust Agreement shall be determined under and according to the laws of the State of Missouri.

7.5.   **Power of Appointment**. Any power of appointment by Will granted under this Agreement can be exercised only by Will by specific reference to this Agreement and the power to be exercised shall include the right to appoint all or part of the property subject to the power, to appoint outright, to give to the Appointee or Appointees different types of interests and general or limited powers of appointment, to appoint in trust and create separate Trusts, to appoint a new Trustee or Trustees, and to give a Trustee or Trustees discretion to pay or apply income and principal within the class of permissible Appointees.

## 8. Definitions and Construction

8.1.   **Income**. Income means net income and accumulated income not added to principal. Undistributed income at the termination of the income interest to which it relates shall be dealt with as if accrued and received thereafter.

8.2.   **Distribution Per Stirpes**. Where distribution of income or principal is to be made to a person's issue per stirpes, the person's children, whether or not living at the time of the distribution, shall be treated as the original stocks, and a further subdivision shall be made at each succeeding generation.

8.3. <u>Adopted Children</u>. The words "child" and "issue" and the like include persons adopted in their minority and persons tracing descent through one (1) or more such adopted persons in all respects as if descended by blood and include persons descended by blood, unless adopted while under the age of one (1) year by someone other than a step-parent, grandparent, aunt or uncle, or Guardian named by the adopted person's natural parent.

8.4. <u>Survival</u>. Where it is required by this Agreement that any person shall have survived another, that requirement means that the person shall have survived the other person by at least thirty (30) days.

8.5. <u>Rule Against Perpetuities</u>. Regardless of any other provisions contained in this Agreement, all Trusts under this Agreement shall terminate no later than twenty-one (21) years after the death of the Primary Beneficiary.

8.6. <u>Governing Law and Construction</u>. This Agreement shall be construed, governed, and administered in accordance with Missouri law. The headings of the paragraphs of this Agreement are inserted for convenience only and shall not affect its construction. In the construction of this Agreement the gender of pronouns and the singular or plural form of words shall be disregarded where appropriate. References to provisions of the Internal Revenue Code shall be deemed to include any corresponding provisions of subsequent federal tax laws.

8.7. <u>Effective Date</u>. This instrument shall take effect when signed by the Creator and the Trustee.

Executed under seal this _____ day of 9/14/2012, 2012.

*[signature: Tiara Robinson]*
**TIARA ROBINSON**
Creator

*[signature: Orlandus Robinson]*
**ORLANDUS ROBINSON**
Creator

STATE OF MISSOURI    )
                     ) ss.
COUNTY OF ST. LOUIS  )

On this **14** day of **September**, 2012, before me personally appeared **TIARA ROBINSON**, to me known to be the person described in and who executed the foregoing instrument as Creator, and acknowledged that she executed the same as her free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

[Notary Seal]    MARY BRIGID FERNANDEZ
                 My Commission Expires
                 February 9, 2013        *[signature: Mary Brigid Fernandez]*
                 St. Louis City          Notary Public
                 Commission #09751101

STATE OF MISSOURI    )
                     ) ss.
COUNTY OF ST. LOUIS  )

On this **14** day of **September**, 2012, before me personally appeared **ORLANDUS ROBINSON**, to me known to be the person described in and who executed the foregoing instrument as Creator, and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

[Notary Seal]    MARY BRIGID FERNANDEZ
                 My Commission Expires
                 February 9, 2013        *[signature: Mary Brigid Fernandez]*
                 St. Louis City          Notary Public
                 Commission #09751101

*Tiara Robinson and Orlandus Robinson Irrevocable Trust*

_____  
(Authorized Agent)  
**EDWARD JONES TRUST COMPANY**  
Trustee

STATE OF MISSOURI       )  
                                          ) ss.  
COUNTY OF ST. LOUIS )

On the _____ day of _____, 2012, before me personally appeared _____, (Authorized Representative of **EDWARD JONES TRUST COMPANY**) to me known to be the individual described in and who executed the foregoing instrument in behalf of said corporation, and acknowledged that he/she executed the same for the purposes therein stated.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year last above written.

_____  
Notary Public

## SCHEDULE "A"
## TO THE
## TIARA ROBINSON AND ORLANDUS ROBINSON IRREVOCABLE TRUST

Assets:    Settlement proceeds in:
*Tiara Robinson, et al. v Newell Window Furnishings, Inc., et al.*
Cause No. 4:10-CV-01176 JCH
United States District Court, Eastern District of Missouri
Eastern Division